UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

MICHAEL KAMBUROWSKI and

    GINA KAMBUROWSKI,

        Plaintiffs,

-against-

Michael KIDD, Deportation Officer, U.S. Immigration
& Customs Enforcement; John DOE I, Unknown
Deportation Officer, U.S. Immigration & Customs
Enforcement; John DOE II, Unknown Supervisory
DeportationOfficer, U.S. Immigration & Customs
Enforcement, and John CARBONE, Acting Field Director,
U.S. Immigration & Customs Enforcement,

        Defendants.
------------------------------------------------------------------ X

AMON, J.

COMPLAINT

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ FEB 18 2005 ★
BROOKLYN OFFICE

Civil Action No.

    Plaintiffs, by and through their attorneys, Michael P. DiRaimondo, DiRaimondo & Masi, LLP, and Thomas E. Moseley, hereby allege as follows:

1. This is an action for damages under <u>Bivens v. Six Unknown Agents of the Federal Bureau of Investigation</u>, 403 U.S. 388 (1971), and the laws of the State of New York, regarding the illegal and unconstitutional imprisonment of Plaintiff Michael KAMBUROWSKI.

2. Jurisdiction is conferred on this Court by 28 U.S.C. §1331.

3. Plaintiff Michael Kamburowski, is a 33 year old native and citizen of Australia. He resides at 11-15 St. Nicholas Avenue, Apt. 5H, New York, New York 10026.

4. Plaintiff, Gina Kamburowski, is the U.S. Citizen spouse of Plaintiff Michael Kamburowski. They were married on June 14, 2001, in Arlington, VA.

5. Defendant John Carbone is the Acting Field Director for the New York District of the U.S. Immigration & Customs Enforcement ("USICE"), and is sued in his individual capacity.

Defendant Carbone has established and implemented policies for the unlawful and unconstitutional arrest and imprisonment of aliens, and has ordered and ratified the unlawful and unconstitutional arrest and imprisonment of Plaintiff Michael Kamburowski.

6. Defendants Michael Kidd and John Doe I and John Doe II are sued in their individual capacity and served as Deportation officers under the Direction of Defendant Carbone.

7. Plaintiff Michael Kamburowski arrived in the United States as a visitor for pleasure on or about January 23, 1995. He married Gina Kamburowski on or about June 14, 2001.

8. On or about May 31, 2002, Plaintiff Gina Kamburowski filed a Petition for Alien Relative, Form I-130, for her husband, Michael Kamburowski with the New York District Office of the Immigration & Naturalization Service ("INS")[1], along with an Application for Adjustment of Status, Form I-485.

9. As a result of this filing, Mr. and Mrs. Kamburowski were scheduled to appear for an adjustment of status interview on January 22, 2004, at the office of the USCIS located at 711 Stewart Avenue, Garden City, New York. They appeared with counsel at this interview.

10. During the interview, Mr. Kamburowski was informed that a prior order of removal was on file in his case. The District Adjudications Officer ("DAO") Valeri F. Auletta then called in two (2) Deportation Officers, Mr. Michael Kidd and an unknown officer hereinafter referred to as Defendant John Doe I.

---

[1] *During the pendency of plaintiff's adjustment of status processing, the INS was abolished and the functions of that agency were transferred to the Department of Homeland Security ("DHS") and the United States Citizenship and Immigration Services ("USCIS"), within the DHS. References to this agency are interchangeably made in this complaint to the "Service, INS and/or USCIS." See, Homeland Security Act of 2002, Pub.L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002).*

11. An unknown Supervisory Deportation Officer, hereinafter referred to as Defendant John Doe II, after being informed by Defendant Kidd that INS did not have proper service on Plaintiff Michael Kamburowski, improperly ordered the immediate arrest of Plaintiff Michael Kamburowski.

12. Defendant John Doe I then arrested Plaintiff Michael Kamburowski. Said arrest occurred in front of DAO Valeri F. Auletta, Mr. Kamburowski's wife, Plaintiff Gina Kamburowski, and their attorney.

13. Unbeknownst to Plaintiff Michael Kamburowski, he had allegedly been previously placed under removal proceedings on or about January 3, 2001. The Notice to Appear ("NTA"), which is the charging document in removal proceedings, was mailed by regular mail to his previous address, which address was no longer valid, at 2001 N. Adams Street, Arlington, VA. Since this address was no longer valid, the NTA was returned to the INS by the U.S. Postal Service.

14. Defendants also issued a "Surrender Notice" which was mailed to the Respondent at another invalid address at 3202 Pershing Drive, Arlington, VA, and was also returned as "undeliverable."

15. Plaintiff Michael Kamburowski previously resided at 3202 N. Pershing Drive, Arlington, VA, between January 1995 and July 1995. He lived at 2001 North Adams Street, Arlington, VA, from February 1997 and April 1998. This was the address that the NTA was mailed to by regular mail on or about January 3, 2001. Plaintiff Michael Kamburowski had not lived at this address since April 1998.

16. Plaintiff Michael Kamburowski properly notified the INS of his correct addresses

( 3 )

continuously during this period.

17. Plaintiff Michael Kamburowski was previously married to Ms. Terri Lynn Sweat, a U.S. citizen, from February of 1997 to April of 1998. As a result of their marriage, a Petition for Alien Relative, Form I-130, and Application for Adjustment of Status was filed with the INS in Arlington, Virginia, on October 30, 1997.

18. Plaintiff Michael Kamburowski and his first wife were divorced on April 8, 1998, and he moved to 1613 Harvard Street, N.W., Washington, D.C.

19. Plaintiff Michael Kamburowski notified INS of his new address by the filing of Form I-751, Petition to Remove Conditions on Residence on December 9, 1998. The INS, in fact, responded on two occasions to Mr. Kamburowski at his new address.

20. Thereafter, the Plaintiff Michael Kamburowski received no further communication from INS.

21. Plaintiff Michael Kamburowski never received the NTA or any other document informing him that he had was being placed under removal proceedings, or any document that he had to appear for a removal hearing, or any document that he had been removed in his absence.

22. Plaintiff Michael Kamburowski was arrested at his adjustment of status interview at 711 Stewart Avenue, Garden City, New York, on January 22, 2004, and was imprisoned by the Defendants at Wackenhut Correctional Facility ("Wachenhut") in Jamaica, New York, until February 22, 2004.

23. All Defendants were fully aware that Plaintiff Michael Kamburowski never received any of the stated notices, as all of the original notifications were still in his file, still with the original envelopes with return markings, on the day he was arrested by the USICE.

24. Defendants Michael Kidd and John Doe I, Deportation Officers, knew or reasonably should

( 4 )

have known, that Plaintiff Michael Kamburowski was never served with the Notice to Appear and that he had an invalid order of removal, yet they intentionally ignored the physical evidence in the Plaintiff's administrative file.

25. Plaintiff Michael Kamburowski was apparently previously ordered removed from the U.S. by an Immigration Judge ("IJ") on or about May 31, 2001, *in absentia*, at the Executive Office for Immigration Review ("EOIR") located in Arlington, VA.

26. Immediately upon discovering the improper *in absentia* order, Plaintiff Michael Kamburowski filed a motion to reopen the *absentia* Order on or about January 26, 2004, with the EOIR in Arlington, VA, and requested a change of venue to the EOIR located at the Wachenhut Correctional Facility in Jamaica, New York, ("Wachenhut"), where he was being improperly detained by the USICE.

27. The motion was unopposed by Defendant DHS and the IJ reopened the matter and changed venue to the EOIR located at Wachenhut Correctional Facility.

28. The IJ at Wachenhut scheduled the matter for a bond hearing on February 17, 2004.

29. On February 17, 2004, IJ Steven Abrahams conducted a bond hearing regarding Mr. Kamburowski. Defendants DHS opposed release on bond and claimed that Plaintiff Michael Kamburowski would be a "flight risk."

30. IJ Abrahams set the bond at $7,500.00.

31. Plaintiff Gina Kamburowski paid the bond at the INS located at 26 Federal Plaza, New York, NY, and Plaintiff Michael Kamburowski was released by Defendants on or about February 22, 2004.

32. As a result of the actions of the Defendants, Plaintiff Michael Kamburowski was illegally

( 5 )

and unlawfully detained and imprisoned from January 22 until February 22, 2004, by the Defendants.

33. Plaintiff Gina Kamburowski lost the society and services of her husband Michael Kamburowski from January 22 to February 22, 2004.

34. Plaintiffs both endured severe emotional stress and embarrassment during the time of and as a result of Plaintiff Michael Kamburowski's improper detention.

35. Plaintiffs endured significant financial hardship in the form of lost wages during the time of and as a result of Palintiff Michael Kamburowski's improper detention.

36. Plaintiff Michael Kamburowski suffered significant financial hardship and the permanent loss of his job as a result of his improper detention by Defendants.

## AS AND FOR A FIRST CAUSE OF ACTION

37. Plaintiffs repeat and reallege allegations 1 - 36 as fully set forth above.

38. Defendants intentionally conspired, confederated, and agreed to violate Plaintiffs rights, by illegally and unlawfully imprisoning Plaintiff Michael Kamburowski from January 22 to February 22, 2004.

## AS AND FOR A SECOND CAUSE OF ACTION

39. Plaintiffs repeat and reallege allegations 1 - 36 as fully set forth above.

40. Defendants intentionally caused the false imprisonment of Plaintiff Michael Kamburowski and deprived him of his liberty without due process of law by his illegal and unlawful detention from January 22, to February 22, 2004.

41. Defendants Kidd, John Doe I, and John Doe II, violated Plaintiff Michel Kamburowski's constitutional rights and intentionally falsely imprisoned him.

## AS AND FOR A THIRD CAUSE OF ACTION

42. Plaintiffs repeat and reallege allegations 1 - 36 as fully set forth above.

43. Plaintiff Michael Kamburowski suffered severe emotional distress during the time of his false imprisonment and as a result of the Defendants' intentional actions.

## AS AND FOR A FOURTH CAUSE OF ACTION

44. Plaintiffs repeat and reallege allegations 1 - 36 as fully set forth above.

45. Plaintiff Michael Kamburowski suffered severe emotional distress during the time of his false imprisonment and as a result of the Defendants' negligent actions.

## AS AND FOR A FIFTH CAUSE OF ACTION

46. Plaintiffs repeat and reallege allegations 1 - 36 as fully set forth above.

47. Plaintiff Gina Kamburowski suffered severe emotional distress during the time her husband was falsely imprisoned, from January 22 to February 22, 2004, as a result of the Defendants' intentional actions.

## AS AND FOR A SIXTH CAUSE OF ACTION

48. Plaintiffs repeat and reallege allegations 1 - 36 as fully set forth above.

49. Plaintiff Gina Kamburowski suffered severe emotional distress during the time her husband was falsely imprisoned, from January 22 to February 22, 2004, as a result of the Defendants' negligent actions.

## AS AND FOR A SEVENTH CAUSE OF ACTION

50. Plaintiffs repeat and reallege allegations 1 - 36 as fully set forth above.

51. Plaintiff Gina Kamburowski suffered the loss of society and services of her husband, Michael Kamburowski, during the time her husband was falsely imprisoned, from January 22 to

( 7 )

February 22, 2004 as a result of the Defendants' actions.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

52. Plaintiffs repeat and reallege allegations 1 - 36 as fully set forth above.

53. Plaintiff Michael Kamburowski suffered the loss of society and services of his wife during the time he was falsely imprisoned, from January 22 to February 22, 2004 as a result of the Defendants' actions.

## AS AND FOR A NINTH CAUSE OF ACTION

54. Plaintiffs repeat and reallege allegations 1 -36 as fully set forth above.

55. Defendants recklessly, carelessly, and negligently harmed plaintiffs by causing the unlawful imprisonment of plaintiff Michael Kamburowski.

## AS AND FOR A TENTH CAUSE OF ACTION

56. Plaintiffs repeat and reallege allegations 1 -36 as fully set forth above.

57. Defendants maliciously prosecuted Plaintiff Michael Kamburowski, thereby causing his unlawful imprisonment and detention.

58. Plaintiffs wrongfully instituted the arrest and detention of Plaintiff Michael Kamburowski without probable cause, for a purpose other than bringing him to justice, thereby causing him and Plaintiff Gina Kamburowski significant damages in the form of attorneys fees, lost wages, loss of employment, embarrassment, and severe emotional distress.

## PRAYER

59. Wherefore, Plaintiffs demand judgment against the Defendants jointly and severally as follows:

    a. On the First Cause of Action in the sum of Five Million ($5,000,000.00) dollars in

( 8 )

compensatory and punitive damages;

b. On the Second Cause of Action in the sum of Five Million ($5,000,000.00) dollars in compensatory and punitive damages;

c. On the Third Cause of Action in the sum of Five Million ($5,000,000.00) dollars in compensatory and punitive damages;

d. On the Fourth Cause of Action in the sum of Five Million ($5,000,000.00) dollars in compensatory and punitive damages;

e. On the Fifth Cause of Action in the sum of Five Million ($5,000,000.00) dollars in compensatory and punitive damages;

f. On the Sixth Cause of Action in the sum of Five Million ($5,000,000.00) dollars in compensatory and punitive damages;

g. On the Seventh Cause of Action in the sum of Five Hundred Thousand ($500,000.00) dollars in compensatory and punitive damages;

h. On the Eighth Cause of Action in the sum of Five Hundred Thousand ($500,000.00) dollars in compensatory and punitive damages;

i. On the Ninth Cause of Action in the sum of Five Million ($5,000,000.00) dollars in compensatory and punitive damages;

j. On the Tenth Cause of Action in the sum of Five Million ($5,000,000.00) dollars in compensatory and punitive damages;

k. Attorneys fees and costs and any other reasonable fees the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs Michael Kamburowski and Gina Kamburowski hereby demand a trial by jury as to all issues so triable.

Dated: February 16, 2005
       Melville, New York

Respectfully submitted,

*[signature]*

Michael P. DiRaimondo
DiRaimondo & Masi, LLP
Attorneys for Plaintiffs
401 Broadhollow Road, Suite 302
Melville, New York 11747
(631) 777-5557

*[signature: Thomas E. Moseley by MPD]*

Thomas E. Moseley
Attorney for Plaintiffs
One Gateway Plaza, Suite 2600
Newark, NJ 07102
(973) 622-8176

( 10 )