```
SLR:VN:SK(6445)
2005v00371
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

MICHAEL KAMBUROWSKI and
GINA KAMBUROWSKI,

              Plaintiffs,

  — against —

MICHAEL KIDD, Deportation Officer,
U.S. Immigration & Customs
Enforcement; JOHN DOE I, Unknown
Deportation Officer, U.S.
Immigration & Customs Enforcement;
JOHN DOE II, Unknown Supervisory
Deportation Officer, U.S.
Immigration & Customs Enforcement,
and JOHN CARBONE, Acting Field
Director, U.S. Immigration &
Customs Enforcement,

              Defendants.

ANSWER

Civil Action
No. 05-0953

(Amon, J.)
(Mann, M.J.)

- - - - - - - - - - - - - - - - x

       Defendants by their attorney ROSLYNN R. MAUSKOPF, United States Attorney for the Eastern District of New York, Steven Kim, Assistant United States Attorney, of counsel, answer the correspondingly numbered paragraphs in Plaintiffs' Complaint, upon information and belief, as follows:

       1. Conclusions of law do not require a response, but to the extent that they may be deemed factual, Defendants deny the allegations.

2. Conclusions of law do not require a response, but to the extent that they may be deemed factual, Defendants deny the allegations.

3. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations except that Defendants admit that Michael Kamburowski is a native and citizen of Australia.

4. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in the first sentence. Defendants admit the allegations in the second sentence.

5. Defendants deny the allegations except that Defendants aver that John Carbone is the Acting Field Office Director for the New York Field Office of the Office of Detention and Removal within United States Immigration and Customs Enforcement ("ICE").

6. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations except that Defendants aver that Michael Kidd served as a deportation officer.

7. Defendants admit the allegations.

8. Defendants admit the allegations but deny that such forms were filed on or about May 31, 2002.

9. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations except that Defendants aver that Plaintiffs appeared with counsel for an

adjustment of status interview on January 22, 2004, at 711 Stewart Avenue, Garden City, New York.

10. Defendants deny the allegations except that Defendants aver that, on January 22, 2004, Plaintiffs were advised of Michael Kamburowski's final removal order and that District Adjudications Officer Valeri F. Auletta called Michael Kidd.

11. Defendants deny the allegations.

12. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations except that Defendants aver that Michael Kamburowski was arrested on January 22, 2004 at 711 Stewart Avenue, Garden City, New York.

13. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in the first sentence. Defendants deny the allegations in the second and third sentences except that Defendants aver that a Notice to Appear was mailed to Michael Kamburowski at 2001 North Adams Street, #416, Arlington, VA 22201.

14. Defendants deny the allegations except that Defendants aver that a notice to report for deportation on September 7, 2001, was mailed to Michael Kamburowski at 3202 N. Pershing Dr., Arlington, VA 22201, on or about August 2, 2001, and that it was returned with the indication, "MOVED, LEFT NO ADDRESS."

15. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations except that

Defendants aver that a Notice to Appear was mailed to Michael Kamburowski at 2001 North Adams Street, #416, Arlington, VA 22201.

16. Defendants deny the allegations.

17. Defendants admit the allegations in the first sentence. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in the second sentence except that Defendants deny that such forms were filed on October 30, 1997.

18. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations except that Defendants aver that divorce decree between Michael Kamburowski and Terri Lynn Sweat was entered on April 9, 1998.

19. Defendants deny the allegations except that Defendants aver that the Vermont Service Center sent two letters to Michael Kamburowski at 1613 Harvard St. N.W., Washington, D.C. 20009.

20. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations.

21. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations.

22. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations except that Defendants aver that Michael Kamburowski was arrested on January 22, 2004 at 711 Stewart Avenue, Garden City, New York.

23. Defendants deny the allegations.

24. Defendants deny the allegations.

25. Defendants deny the allegations except that Defendants aver that Michael Kamburowski was ordered removed <u>in absentia</u> on May 31, 2001, by an Immigration Judge sitting in Arlington, Virginia.

26. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations except that Defendants aver that Michael Kamburowski filed a motion to reopen his <u>in absentia</u> order and to change venue on January 26, 2004 with the Executive Office for Immigration Review, and Defendants deny that Michael Kamburowski's detention was improper.

27. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations except that Defendants aver that an Immigration Judge granted the motion to reopen and the motion to change venue.

28. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations.

29. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations except that Defendants aver that Immigration Judge Steven R. Abrams ordered that Michael Kamburowski be released from custody upon posting a bond of $7,500.00 and that ICE had recommended a bond in the amount of $20,000.00.

30. Defendants admit the allegations.

31. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations.

32. Defendants deny the allegations.

33. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations.

34. Defendants deny the allegations.

35. Defendants deny the allegations.

36. Defendants deny the allegations.

37. Defendants reassert their preceding responses to Plaintiffs' allegations in paragraphs one through thirty-six of the Complaint.

38. Defendants deny the allegations.

39. Defendants reassert their preceding responses to Plaintiffs' allegations in paragraphs one through thirty-six of the Complaint.

40. Defendants deny the allegations.

41. Defendants deny the allegations.

42. Defendants reassert their preceding responses to Plaintiffs' allegations in paragraphs one through thirty-six of the Complaint.

43. Defendants deny the allegations.

44. Defendants reassert their preceding responses to Plaintiffs' allegations in paragraphs one through thirty-six of the Complaint.

45. Defendants deny the allegations.

46. Defendants reassert their preceding responses to Plaintiffs' allegations in paragraphs one through thirty-six of the Complaint.

47. Defendants deny the allegations.

48. Defendants reassert their preceding responses to Plaintiffs' allegations in paragraphs one through thirty-six of the Complaint.

49. Defendants deny the allegations.

50. Defendants reassert their preceding responses to Plaintiffs' allegations in paragraphs one through thirty-six of the Complaint.

51. Defendants deny the allegations.

52. Defendants reassert their preceding responses to Plaintiffs' allegations in paragraphs one through thirty-six of the Complaint.

53. Defendants deny the allegations.

54. Defendants reassert their preceding responses to Plaintiffs' allegations in paragraphs one through thirty-six of the Complaint.

55. Defendants deny the allegations.

56. Defendants reassert their preceding responses to Plaintiffs' allegations in paragraphs one through thirty-six of the Complaint.

57. Defendants deny the allegations.

58. Defendants deny the allegations.

59. The allegations in the paragraph beginning "WHEREFORE" set forth prayers for relief and not allegations of fact requiring a response.

## GENERAL DENIAL

Insofar as responses may be deemed required, Defendants deny any and all allegations in Plaintiffs' Complaint which were not specifically admitted or denied above.

## FIRST DEFENSE

Pursuant to Fed. R. Civ. P. 12(b)(5), Plaintiffs have failed to effectuate proper service on all Defendants pursuant to Fed. R. Civ. P. 4(i).

## SECOND DEFENSE

Pursuant to Fed. R. Civ. P. 12(b)(4), Plaintiffs' process is insufficient.

## THIRD DEFENSE

To the extent that Plaintiffs are suing Defendants under the laws of New York State, and upon the certification of the undersigned that the named defendants in this action were acting within the scope of their employment, the Westfall Act renders such

defendants absolutely immune from suit by making an action against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671-2680, the exclusive remedy for injuries caused by federal employees acting in the scope of their employment. See also United States v. Smith, 499 U.S. 160, 166 (1991).

### FOURTH DEFENSE

Plaintiffs have failed to show a violation of any constitutional right.

### FIFTH DEFENSE

Defendants enjoy qualified immunity from suit.

### SIXTH DEFENSE

Defendants may not be held liable under Bivens absent personal involvement in the allegedly improper actions.

### SEVENTH DEFENSE

There is no respondeat superior liability under Bivens.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor, dismissing the Complaint in its entirety, granting Defendants their costs of suit, and granting Defendants such other and further relief as the Court may deem just and proper.

Dated: Brooklyn, New York
June 20, 2005

>ROSLYNN R. MAUSKOPF
>United States Attorney
>Eastern District of New York
>1 Pierrepont Plaza, 16th Floor
>Brooklyn, New York 11201

By: *\s\ Steven Kim*
STEVEN KIM (SK6445)
Assistant U.S. Attorney
(718) 254-7036