UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
**MICHAEL KAMBUROWSKI** and
**GINA KAMBUROWSKI,**

                    **Plaintiff,**                    <u>**ORDER**</u>

                -against-                    05-CV-953 (CBA)

**MICHAEL KIDD, et al.,** *deportation Officer,*
*U.S. Immigration & Customs Enforcement*,

                    **Defendant.**
-------------------------------------------------------------x

       An initial conference will be held in the above-captioned case on July 6, 2005, at 3:30 p.m., before Roanne L. Mann, United States Magistrate Judge, in Courtroom B, at the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York. All counsel (and any *pro se* parties) must be present. Plaintiff's counsel is requested to confirm with each defendant's counsel (or *pro se* defendant) that all necessary participants are aware of this conference. No request for adjournment will be considered unless made in writing at least seventy-two (72) hours before the scheduled conference and only after the parties have consulted with each other.

       **PRIOR TO THE CONFERENCE, THE PARTIES ARE TO COMPLY WITH THE REQUIREMENTS UNDER AMENDED RULE 26(f) OF THE FED. R. CIV. P.** The parties shall confer at least <u>two</u> business days before the initial conference to discuss the matters specified in Fed. R. Civ. P. 26(f) <u>and to complete the attached questionnaire</u>. No written report or discovery plan required by Rule 26(f) need be filed with the Court, but the

completed questionnaire must be brought to the conference.  <u>At least two days prior to the conference, the parties shall also exchange the mandatory initial disclosures required under Fed. R. Civ. P. 26(a)(1)</u>.

At the initial conference, counsel shall be <u>fully</u> <u>prepared</u> to discuss any questions regarding this case, including jurisdiction, venue, schedules for discovery and for trial, and settlement.

Discovery may proceed prior to the initial conference.

The Eastern District requires participation in the Electronic Case Filing (ECF) system.  ECF enables both the court and litigants to file all case documents electronically, including pleadings, motions, correspondence and orders.  Since ECF reduces paper, provides access to court documents, and enables immediate service and receipt of all filed documents, it will reduce time and cost to litigants.  There is no charge to participate.

ECF is a straightforward system that is easily understood.  A user's manual is enclosed and also available through the Clerk's Office, or at our website at http://www.nyed.uscourts.gov.  If needed, free training can be arranged for attorneys and their staff at any Eastern District courthouses.  If counsel or a *pro se* party is not already registered for ECF, he/she shall do so prior to the initial conference

If counsel or a *pro se* party is not already registered for ECF, he/she shall do so prior to the initial conference.  If counsel or a *pro se* party objects to ECF participation, the specific reasons must be set forth in writing and returned and filed with Magistrate Judge Mann before the initial conference.  Absent a *compelling* reason justifying non-exclusion, the

Court will order that the parties file all future submissions electronically.

**The Clerk is directed to send a copy of this Order via first class mail or e-mail to counsel for all parties (and *pro se* plaintiff or defendant) appearing in this case.**

**SO ORDERED.**

Dated: Brooklyn, New York
June 21, 2005

/s/
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

Case Name:_____       Docket #:_____

**INITIAL CONFERENCE QUESTIONNAIRE**

1. Date for completion of automatic disclosures required by Fed. R. Civ. P. 26(a)(1), if not yet made: _____

2. If additional interrogatories beyond the 25 permitted under Fed. R. Civ. P. 33(a) are needed, the maximum *additional* ones by: plaintiff(s) _____ and defendant(s) _____

3. Maximum number of requests for admission by: plaintiff(s) _____ and defendant(s) _____

4. Number of depositions by plaintiff(s) of: parties _____ non-parties _____

5. Number of depositions by defendant(s) of: parties _____ non-parties _____

6. Time limit per deposition (if more than 7 hours permitted by Fed. R. Civ. P. 30 (d)(2) is required): _____

7. Date for completion of factual discovery: _____

8. Number of expert witnesses of plaintiff(s): _____ medical _____ non-medical

    Date for expert disclosure, including report(s): _____

9. Number of expert witnesses of defendant(s): _____ medical _____ non-medical

    Date for expert disclosure, including report(s): _____

10. Dates for completion of expert depositions (if desired): _____

11. Time for amendment of the pleadings by plaintiff(s) _____ and by defendant(s) _____

12. Number of proposed additional parties to be joined by plaintiff(s) _____ and defendant(s) _____ and time for completion of joinder (including service): _____

13. Types of contemplated dispositive motions: _____

14. Dates for filing/serving contemplated dispositive motions: _____

15. Do the parties consent to trial before a magistrate judge pursuant to 28 U.S.C. § 636(c)? [Does not affect right to jury trial]   Yes _____   No _____