U.S. Department of Justice
Immigration and Naturalization Service

# Notice to Appear

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No: A76 595 582

In the Matter of:

Respondent: Michael     Raphael     KAMBUROWSKI     currently residing at:

2001 North Adams Street, #416
Arlington,        VA    22201

(Number, street, city, state and ZIP code)                (Area code and phone number)

☐ 1. You are an arriving alien.

☐ 2. You are an alien present in the United States who has not been admitted or paroled.

☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

1. You are not a citizen or national of the United States;

2. You are a native of Australia and a citizen of Australia;

3. You were admitted to the United States at Los Angeles, CA on or about January 23, 1995 as a nonimmigrant B-2 visitor for pleasure with authorization to remain in the United States for a temporary period not to exceed July 22, 1995;

4. You remained in the United States beyond July 22, 1995 without authorization from the Immigration and Naturalization Service;

5. You were employed for wages or other compensation on May 1995 at Americans for Tax Reform, without authorization of the Immigration and Naturalization Service.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(1)(B) of the Immigration and Nationality Act (Act), as amended, in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, you have remained in the United States for a time longer than permitted, in violation of this Act or any other law of the United States.

Section 237(a)(1)(C)(i) of the Immigration and Nationality Act (Act), as amended, in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, you failed to maintain or comply with the conditions of the nonimmigrant status under which you were admitted.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

Section 235(b)(1) order was vacated pursuant to:    ☐ 8 CFR 208.30(f)(2)    ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: 901 N. Stuart Street, #1300, Arlington, VA 22203

(Complete Address of Immigration Court, Including Room Number, if any)

on    TBA    at    TBA    to show why you should not be removed from the United States based on the
     (Date)         (Time)
charge(s) set forth above.

_____ EOIR
Phyllis Howard, Deputy District Director
(Signature and Title of Issuing Officer)

Date:    December 5, 2000        _____
                                  Arlington, VA
                                  (City and State)

**See reverse for important information**

Form I-862 (Rev. 3/22/99) N

Dockets.Justia.com

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

Before: _____

_____
(Signature of Respondent)

_____
(Signature and Title of INS Officer)

Date: _____

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on ____1/3/0____ , in the following manner and in
(Date)
compliance with section 239(a)(1)(F) of the Act:

☐ in person  ☐ by certified mail, return receipt requested  ☒ by regular mail

☐ Attached is a credible fear worksheet.

☒ Attached is a list of organizations and attorneys which provide free legal services.

☐ The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____
(Signature of Respondent if Personally Served)

J. Mizell, District Adjudications Officer
_____
(Signature and Title of Officer)

Form I-862 (Rev. 3/22/99) N

FILE NUMBER: A   76 595 582
DATE:   04/21/99

MICHAEL KAMBUROWSKI
2001 NORTH ADAMS ST., APT. #416
ARLINGTON, VA 22201

*Called 3:13 PM*

Please come to the office shown below at the time and place indicated in connection with an official matter.

OFFICE LOCATION:         4420 NORTH FAIRFAX DRIVE, 311
                         ARLINGTON, VA 22203

DATE AND TIME:           05/25/99
                         3 : 00 PM

                         EXAM. "A"

OFFICER:

REASON FOR APPOINTMENT:         APPLICATION FOR ADJUSTMENT OF STATUS

**THIS INTERVIEW WILL BE VIDEO TAPED.**

PLEASE BRING ALL ITEMS THAT ARE CHECKED (X) TO THE INTERVIEW.

☒ THIS LETTER, YOUR PASSPORT, YOUR I-94 (ARRIVAL/DEPARTURE FORM), IF ANY

☐ MEDICAL EXAM RESULTS, FORM I-693. APEAR EVEN IF NOT COMPLETED

☒ A CURRENT LETTER OF EMPLOYMENT

☐ A CURRENT LETTER OF EMPLOYMENT FOR YOU AND/OR YOUR SPOUSE SHOWING RATE OF PAY AND HOURS PER WEEK

☒ YOUR SPOUSE

☒ EVIDENCE OF A COMMON RESIDENCE AND SHARED LIFE (INCLUDE PHOTOS)

☒ OTHER: SEE ATTACHED LIST

A CURRENT LETTER OF EMPLOYMENT FOR YOU AND/OR YOUR SPOUSE SHOWING RATE OF PAY AND HOURS PER WEEK

...NEY NOTIFIED:  *PAUL SHEARMAN ALLEN*

*MICHAEL KAMBUROWSKI*
*2001 NORTH ADAMS ST , APT. 416*
*ARLINGTON, VA 22201*

FILE NUMBER: *A  76 595 582*
DATE: *12/02/98*

Please come to the office shown below at the time and place indicated in connection with an official matter.

OFFICE LOCATION: *4420 NORTH FAIRFAX DRIVE, ~~STE~~*
*ARLINGTON, VA 22203*

DATE AND TIME: *01/04/99*
*11 : 00 AM*

OFFICER: *EXAM. "F"*
*EXAMINER VM  ROOM 200*

REASON FOR APPOINTMENT: *APPLICATION FOR ADJUSTMENT OF STATUS*

**THIS INTERVIEW WILL BE VIDEO TAPED.**

<u>PLEASE BRING ALL ITEMS THAT ARE CHECKED (X) TO THE INTERVIEW.</u>

☒ THIS LETTER, YOUR PASSPORT, YOUR I-94 (ARRIVAL/DEPARTURE FORM), IF ANY

☐ MEDICAL EXAM RESULTS, FORM I-693. APEAR EVEN IF NOT COMPLETED

☐ A CURRENT LETTER OF EMPLOYMENT

☐ A CURRENT LETTER OF EMPLOYMENT FOR YOU AND/OR YOUR SPOUSE SHOWING RATE OF PAY AND HOURS PER WEEK

☒ YOUR SPOUSE

☒ EVIDENCE OF A COMMON RESIDENCE AND SHARED LIFE (INCLUDE PHOTOS)

☒ OTHER job letter from Terri, marriage register, translation of birth certificate, see also attached list

A CURRENT LETTER OF EMPLOYMENT FOR YOU AND/OR YOUR SPOUSE SHOWING RATE OF PAY AND HOURS PER WEEK

ATTORNEY NOTIFIED: *PAUL SHEARMAN ALLEN*

000000039

```
NIXDTVW            NON-IMMIGRANT INFORMATION SYSTEM        DATE: 12/05/00
                          DETAIL VIEW                      TIME:  9:46:28
LN: KAMBUROWSKI       FN: MICHAEL    DOB: 05/03/1971 COC: RALIA
PASSPORT NUMBER     : K3236098       GENDER: M        COR: RALIA
ARRIVAL                                               ADMN REC:  1  OF  1
ADMISSION NUMBER    : 70324993900
ADMISSION CLASS     : B2                                      MISC    _
ADMISSION DATE      : JAN 23, 1995
ADMITTED TO DATE    : JUL 22, 1995
PORT OF ENTRY       : LOS ANGELES CA
INSPECTOR NUMBER    : 4314
VISA ISSUE POST     : MELBOURNE
VISA ISSUE DATE     : NOV 28, 1994
ARRIVAL CARRIER     : QF  QANTAS AIRWAYS, LTD.
AIRLINE FLIGHT NUMBER : 00011                  TRAVEL MODE:
INTENDED STREET ADDRESS: 3202 N PERSHING DR
INTENDED CITY ADDRESS  : ARLINGTON         STATE: VIRGINIA
MICROFILM NUMBER     :
DEPARTURE                      ACTUAL DEPARTURE CARRIER :
DEPARTURE DATE   :             ACTUAL DEPARTURE FLIGHT #:
PORT OF DEPARTURE :                             SCREEN HELP:
PF1=NEXT PAGE   PF2=PRIOR PAGE  PF4=RETURN  PF5=HELP  PF6=MAIN MENU
 PF7=FIRST PAGE  PF8=LAST PAGE   PF10=INQUIRY
NI900047 ENTER AN "X" TO VIEW ANOTHER SCREEN
```

**U.S. Department of Justice**
Immigration and Naturalization Service

*NMR 11/27/88 IC/BCC*

OMB No. 1115-0053

**Application to Register Permanent Residence or Adjust Status**

## START HERE - Please Type or Print

## Part 1. Information about you.

| Family Name KAMBUROWSKI | Given Name Michael | Middle Initial R. |
|---|---|---|

Address - C/O
Paul Shearman Allen & Associates

| Street Number and Name 1329 18th Street NW | Apt. # |
|---|---|

City
Washington, D.C.

| State | Zip Code 20036 |
|---|---|

| Date of Birth (month/day/year) 05/03/71 | Country of Birth Poland |
|---|---|

| Social Security # None | A # (if any) None |
|---|---|

| Date of Last Arrival (month/day/year) 01-23-95 | I-94# 703249939 00 |
|---|---|

| Current INS Status B-2 expired | Expires on (month/day/year) 7/22/95 |
|---|---|

## Part 2. Application Type. *(check one)*

I am applying for adjustment to permanent resident status because:

a. ☒ an immigrant petition giving me an immediately available immigrant visa number has been approved (attach a copy of the approval notice), or a relative, special immigrant juvenile, or special immigrant military visa petition filed with this application will give me an immediately available visa number if approved.

b. ☐ My spouse or parent applied for adjustment of status or was granted lawful permanent residence in an immigrant visa category which allows derivative status for spouses and children.

c. ☐ I entered as a K-1 fiance(e) of a U.S. citizen whom I married within 90 days of entry, or I am the K-2 child of such a fiance(e) (attach a copy of the fiance(e) petition approval notice and the marriage certificate).

d. ☐ I was granted asylum or derivative asylum status as the spouse or child of a person granted asylum and am eligible for adjustment.

e. ☐ I am a native or citizen of Cuba admitted or paroled into the U.S. after January 1, 1959, and thereafter have been physically present in the U.S. for at least 1 year.

f. ☐ I am the husband, wife, or minor unmarried child of a Cuban described in (e) and am residing with that person, and was admitted or paroled into the U.S. after January 1, 1959, and thereafter have been physically present in the U.S. for at least 1 year.

g. ☐ I have continuously resided in the U.S. since before January 1, 1972.

h. ☐ Other-explain_____

I am already a permanent resident and am applying to have the date I was granted permanent residence adjusted to the date I originally arrived in the U.S. as a nonimmigrant or parolee, or as of May 2, 1964, whichever is later, and: *(Check one)*

i. ☐ I am a native citizen of Cuba and meet the description in (e), above.

j. ☐ I am the husband, wife or minor unmarried child of a Cuban, and meet the description in (f), above.

Form I-485 (09-09-92)N

FOR INS USE ONLY

| Returned | |
|---|---|
| | FEE RECEIPT |
| | A CENTURY OF SERVICE |
| Resubmitted | |
| | 11/25/97   WAS42 |
| Reloc Sent | **0009** |
| | **0009** |
| | MICHAEL R H |
| | KAMBUROWSKI H |
| Reloc Rec'd | I-485    $130.00 |
| | I-765    $70.00 |
| | I-130    $80.00 |
| | SUBTTL   280.00 |
| ☐ Applicant Interviewed | TTLAMT  280.00 |
| | AMY OR   280.00 |
| | CHANGE   0.00 |

**Section of Law**
☐ Sec. 209(b), INA
☐ Sec. 13, Act of
☐ Sec. 245, INA
☐ Sec. 249, INA
☐ Sec. 1 Act of 11
☐ Sec. 2 Act of 11
☐ Other_____

3 ITEMS

4396301    16:57

**Country Chargeable**

**Eligibility Under Sec. 245**
☐ Approved Visa Petition
☐ Dependent of Principal Alien
☐ Special Immigrant
☐ Other_____

**Preference**

**Action Block**

| To Be Completed by *Attorney or Representative*, if any |
|---|
| ☒ Fill in box if G-28 is attached to represent the applicant |
| VOLAG# |
| ATTY State License # |
| WAS 000108 |

000000041

## Part 3. Processing Information.

| A. City/Town/Village of birth    Chelm | Current occupation    Public Relations/Policy Analy |
|---|---|
| Your mother's first name    Urzula | Your father's first name    Zbigniew |

Give your name exactly how it appears on your Arrival /Departure Record (Form I-94)

Kamburowski, Michael

| Place of last entry into the U.S. (City/State)    Los Angeles, CA | In what status did you last enter? *(Visitor, Student, exchange alien, crewman, temporary worker, without inspection, etc.)* |
|---|---|
| Were you inspected by a U.S. Immigration Officer? ☒ Yes ☐ No | Visitor |

| Nonimmigrant Visa Number    373832 | Consulate where Visa was issued    Melbourne |
|---|---|

| Date Visa was issued (month/day/year)    11-18-94 | Sex: ☒ Male ☐ Female | Marital Status:    ☒ Married   ☐ Single ☐ Divorced ☐ Widowed |
|---|---|---|

Have you ever before applied for permanent resident status in the U.S.? ☒ No ☐ Yes (give date and place of filing and final disposition):

**B.** List your present husband/wife, all of your sons and daughters (if you have none, write "none". If additional space is needed, use separate paper).

| Family Name    KAMBUROWSKI | Given Name    Terry | Middle Initial    L | Date of Birth (month/day/year)    05-23-72 |
|---|---|---|---|
| Country of birth    USA | Relationship    Wife | A # None | Applying with you? ☐ Yes ☒ No |
| Family Name | Given Name | Middle Initial | Date of Birth (month/day/year) |
| Country of birth | Relationship | A # | Applying with you? ☐ Yes ☐ No |
| Family Name | Given Name | Middle Initial | Date of Birth (month/day/year) |
| Country of birth | Relationship | A # | Applying with you? ☐ Yes ☐ No |
| Family Name | Given Name | Middle Initial | Date of Birth (month/day/year) |
| Country of birth | Relationship | A # | Applying with you? ☐ Yes ☐ No |
| Family Name | Given Name | Middle Initial | Date of Birth (month/day/year) |
| Country of birth | Relationship | A # | Applying with you? ☐ Yes ☐ No |

**C.** List your present and past membership in or affiliation with every political organization, association, fund, foundation, party, club, society, or similar group in the United States or in any other place since your 16th birthday. Include any foreign military service in this part. If none, write "none". Include the name of organization, location, dates of membership from and to, and the nature of the organization. If additional space is needed, use separate paper.

None

000000042



## Part 3. Processing Information. *(Continued)*

Please answer the following questions. (If your answer is "Yes" on any one of these questions, explain on a separate piece of paper. Answering "Yes" does not necessarily mean that you are not entitled to register for permanent residence or adjust status.)

1. Have you ever, in or outside the U. S.:
   a. knowingly committed any crime of moral turpitude or a drug-related offense for which you have not been arrested?
   b. been arrested, cited, charged, indicted, fined, or imprisoned for breaking or violating any law or ordinance, excluding traffic violations?
   c. been the beneficiary of a pardon, amnesty, rehabilitation decree, other act of clemency or similar action?
   d. exercised diplomatic immunity to avoid prosecution for a criminal offense in the U.S.? ☐ Yes ☒ No

2. Have you received public assistance in the U.S. from any source, including the U.S. government or any state, county, city, or municipality (other than emergency medical treatment) , or are you likely to receive public assistance in the future? ☐ Yes ☒ No

3. Have you ever:
   a. within the past 10 years been a prostitute or procured anyone for prostitution, or intend to engage in such activities in the future?
   b. engaged in any unlawful commercialized vice, including, but not limited to, illegal gambling?
   c. knowingly encouraged, induced, assisted, abetted or aided any alien to try to enter the U.S. illegally?
   d. illicitly trafficked in any controlled substance, or knowingly assisted, abetted or colluded in the illicit trafficking of any controlled substance? ☐ Yes ☒ No

4. Have you ever engaged in, conspired to engage in, or do you intend to engage in, or have you ever solicited membership or funds for, or have you through any means ever assisted or provided any type of material support to, any person or organization that has ever engaged or conspired to engage, in sabotage, kidnapping, political assassination, hijacking, or any other form of terrorist activity? ☐ Yes ☒ No

5. Do you intend to engage in the U.S. in:
   a. espionage?
   b. any activity a purpose of which is opposition to, or the control or overthrow of, the Government of the United States, by force, violence or other unlawful means?
   c. any activity to violate or evade any law prohibiting the export from the United States of goods, technology or sensitive information? ☐ Yes ☒ No

6. Have you ever been a member of, or in any way affiliated with, the Communist Party or any other totalitarian party? ☐ Yes ☒ No

7. Did you, during the period March 23, 1933 to May 8, 1945, in association with either the Nazi Government of Germany or any organization or government associated or allied with the Nazi Government of Germany, ever order, incite, assist or otherwise participate in the persecution of any person because of race, religion, national origin or political opinion? ☐ Yes ☒ No

8. Have you ever engaged in genocide, or otherwise ordered, incited, assisted or otherwise participated in the killing of any person because of race, religion, nationality, ethnic origin, or political opinion? ☐ Yes ☒ No

9. Have you ever been deported from the U.S., or removed from the U.S. at government expense, excluded within the past year, or are you now in exclusion or deportation proceedings? ☐ Yes ☒ No

10. Are you under a final order of civil penalty for violating section 274C of the Immigration Act for use of fraudulent documents, or have you, by fraud or willful misrepresentation of a material fact, ever sought to procure, or procured, a visa, other documentation, entry into the U.S., or any other immigration benefit? ☐ Yes ☒ No

11. Have you ever left the U.S. to avoid being drafted into the U.S. Armed Forces? ☐ Yes ☒ No

12. Have you ever been a J nonimmigrant exchange visitor who was subject to the 2 year foreign residence requirement and not yet complied with that requirement or obtained a waiver? ☐ Yes ☒ No

13. Are you now withholding custody of a U.S. Citizen child outside the U.S. from a person granted custody of the child? ☐ Yes ☒ No

14. Do you plan to practice polygamy in the U.S.? ☐ Yes ☒ No

Form I-485 (Rev. 09-09-92)N                    **Continued on back**

000000043

## Part 4. Signature. *(Read the information on penalties in the instructions before completing this section. You must file this application while in the United States.)*

I certify under penalty of perjury under the laws of the United States of America that this application, and the evidence submitted with it, is all true and correct. I authorize the release of any information from my records which the Immigration and Naturalization Service needs to determine eligibility for the benefit I am seeking.

| Signature | Print Your Name | Date | Daytime Phone Number |
|---|---|---|---|
| | Michael R. KAMBUROWSKI | 9-22-97 | 202-785-0266 |

*Please Note:* If you do not completely fill out this form, or fail to submit required documents listed in the instructions, you may not be found eligible for the requested document and this application may be denied.

## Part 5. Signature of person preparing form if other than above. *(Sign Below)*

I declare that I prepared this application at the request of the above person and it is based on all information of which I have knowledge.

| Signature | Print Your Name | Date | Day time Phone Number |
|---|---|---|---|
| | Paul Shearman Allen | 9-22-97 | 202/638-2777 |

Firm Name and Address   PAUL SHEARMAN ALLEN & ASSOCIATES 1329 18th Street NW   Washington, D.C. 20036

Form I-485 (Rev. 09-09-92) N

000000044

U.S. Department of Justice
Immigration and Naturalization Service (I....)

OMB #1115-0054
**Petition for Alien Relative**

## DO NOT WRITE IN THIS BLOCK - FOR EXAMINING OFFICE ONLY

| | Action Stamp | Fee Stamp |
|---|---|---|
| Case ID# | | |
| A# | | |
| G-28 or Volag # | | |

**Section of Law:**
- ☐ 201 (b) spouse
- ☐ 201 (b) child
- ☐ 201 (b) parent
- ☐ 203 (a)(1)
- ☐ 203 (a)(2)
- ☐ 203 (a)(4)
- ☐ 203 (a)(5)

AM CON: _____

Petition was filed on: _____ (priority date)
- ☐ Personal Interview
- ☐ Pet. ☐ Ben. "A" File Reviewed
- ☐ Field Investigations
- ☐ 204 (a)(2)(A) Resolved
- ☐ Previously Forwarded
- ☐ Stateside Criteria
- ☐ I-485 Simultaneously
- ☐ 204 (h) Resolved

**Remarks:**

## A. Relationship

1. The alien relative is my:
☒ Husband/Wife  ☐ Parent  ☐ Brother/Sister  ☐ Child

2. Are you related by adoption? ☐ Yes  ☒ No

3. Did you gain permanent residence through adoption? ☐ Yes  ☒ No

## B. Information about you

1. **Name** (Family name in CAPS) (First) (Middle)
KAMBUROWSKI Terry Lynn

2. **Address** (Number and Street) (Apartment Number)
2001 North Adams St. # 416
(Town or City) (State/Country) (ZIP/Postal Code)
Arlington VA 22201 USA

3. **Place of Birth** (Town or City) (State/Country)
Hampton Virginia

4. **Date of Birth** (Mo/Day/Yr)
5-23-71

5. **Sex** ☐ Male ☒ Female

6. **Marital Status** ☒ Married ☐ Single ☐ Widowed ☐ Divorced

7. **Other Names Used** (including maiden name)
SWEAT

8. **Date and Place of Present Marriage** (if married)
2-8-97 Alexandria, VA

9. **Social Security Number**
226 23 7903

10. **Alien Registration Number** (if any)
US citizen

11. **Names of Prior Husbands/Wives**
None

12. **Date(s) Marriage(s) Ended**
N/A

13. If you are a U.S. citizen, complete the following:
My citizenship was acquired through (check one)
☒ Birth in the U.S.
☐ Naturalization (Give number of certificate, date and place it was issued)
N/A
☐ Parents
Have you obtained a certificate of citizenship in your own name?
☐ Yes  ☒ No

...date and place it was issued

...ident alien, complete the following:
...djustment to, lawful permanent residence

...status through marriage to a United
...t resident? ☐ Yes  ☒ No



## C. Information about your alien relative

1. **Name** (Family name in CAPS) (First) (Middle)
KAMBUROWSKI Michael Raphael

2. **Address** (Number and Street) (Apartment Number)
2001 N.Adams St. # 416
(Town or City) (State/Country) (ZIP/Postal Code)
Arlington Virginia USA 22201

3. **Place of Birth** (Town or City) (State/Country)
Chelm Poland

4. **Date of Birth** (Mo/Day/Yr)
05/03/71

5. **Sex** ☒ Male ☐ Female

6. **Marital Status** ☒ Married ☐ Single ☐ Widowed ☐ Divorced

7. **Other Names Used** (including maiden name)
None

8. **Date and Place of Present Marriage** (if married)
02-08-97 Alexandria, Virginia

9. **Social Security Number**
None

10. **Alien Registration Number** (if any)
None

11. **Names of Prior Husbands/Wives**
None

12. **Dates(s) Marriage(s) Ended**
N/A

13. Has your relative ever been in the U.S.?
☒ Yes  ☐ No

14. If your relative is currently in the U.S., complete the following: He or she last arrived as a (visitor, student, stowaway, without inspection, etc.)
Visitor

Arrival/Departure Record (I-94) Number
7 0 3 2 4 9 9 3 9 0 0
Date arrived (Month/Day/Year)
01-23-95

Date authorized stay expired, or will expire as shown on Form I-94 or I-95
7/22/95

15. Name and address of present employer (if any)
Americans For Tax Reform, Washington, DC
Date this employment began (Month/Day/Year)
05-95

16. Has your relative ever been under immigration proceedings?
☐ Yes  ☒ No  Where _____  When _____
☐ Exclusion  ☐ Deportation  ☐ Rescission  ☐ Judicial Proceedings

| INITIAL RECEIPT | RESUBMITTED | RELOCATED | | COMPLETED | | |
|---|---|---|---|---|---|---|
| | | Rec'd | Sent | Approved | Denied | Returned |

**16.** List husbands/wife and all children of your relative (if your relative is your husband/wife, list only his other children).

| (Name) | (Relationship) | (Date of Birth) | (Country of Birth) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**17. Address in the United States where your relative intends to live**

| (Number and Street) | (Town or City) | | (State) |
|---|---|---|---|
| 2001 North Adams Street # 416, | Arlington, VA 22201 | | |

**18. Your relative's address abroad**

| (Number and Street) | (Town or City) | (Province) | (Country) | (Phone Number) |
|---|---|---|---|---|
| 14 Grange Court | Geelong | Victoria | Australia | |

**19.** If your relative's native alphabet is other than Roman letters, write his/her name and address abroad in the native alphabet:

| (Name) | (Number and Street) | (Town or City) | (Province) | (Country) |
|---|---|---|---|---|
| N/A | | | | |

**20.** If filing for your husband/wife, give last address at which you both lived together:

| (Name) | (Number and Street) | (Town or City) | (Province) | (Country) | From (Month) (Year) | To (Month) (Year) |
|---|---|---|---|---|---|---|
| | 2001 North Adams St. # 416, | Arlingtong, VA 22201 | | | Feb. 1997 | Present |

**21.** Check the appropriate box below and give the information required for the box you checked:

☐ Your relative will apply for a visa abroad at the American Consulate in _____
(City)     (Country)

☒ Your relative is in the United States and will apply for adjustment of status to that of a lawful permanent resident in the office of the Immigration and Naturalization Service at <u>Arlingto Virginia</u>. If your relative is not eligible for adjustment of status, he or she will
(City)     (State)

apply for a visa abroad at the American Consulate in <u>Syney Australia</u>
(City)     (Country)

(Designation of a consulate outside the country of your relative's last residence does not guarantee acceptance for processing by that consulate. Acceptance is at the discretion of the designated consulate.)

## D. Other Information

**1.** If separate petitions are also being submitted for other relatives, give names of each and relationship.
None

**2.** Have you ever filed a petition for this or any other alien before? ☐ Yes ☒ No
If "Yes," give name, place and date of filing, and result.

**Warning:** The INS investigates claimed relationships and verifies the validity of documents. The INS seeks criminal prosecutions when family relationships are falsified to obtain visas.

**Penalties:** You may, by law be imprisoned for not more than five years, or fined $250,000, or both, for entering into a marriage contract for the purpose of evading any provision of the immigration laws and you may be fined up to $10,000 or imprisoned up to five years or both, for knowingly and willfully falsifying or concealing a material fact or using any false document in submitting this petition.

**Your Certification:** I certify, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Furthermore, I authorize the release of any information from my records which the Immigration and Naturalization Service needs to determine eligibility for the benefit that I am seeking.

Signature _____ Date 09--22-97 Phone Number 202-785-0266

**Signature of Person Preparing Form if Other than Above**

I declare that I prepared this document at the request of the person above and that it is based on all information of which I have any knowledge.

Print Name Paul Shearman Allen
(Address)
PAUL SHEARMAN ALLEN & ASSOCIATES
1329 18th Street NW
Washington, D.C. 20036

(Signature) _____ (Date) 9-22-97

G-28 ID Number WAS 000108

Volag Number _____

## NOTICE TO PERSONS FILING FOR SPOUSES IF MARRIED LESS THAN TWO YEARS

Pursuant to section 216 of the Immigration and Nationality Act, your alien spouse may be granted conditional permanent resident status in the United States as of the date he or she is admitted or adjusted to conditional status by an officer of the Immigration and Naturalization Service. Both you and your conditional permanent resident spouse are required to file a petition, Form I-751, Joint Petition to Remove Conditional Basis of Alien's Permanent Resident Status, during the ninety day period immediately before the second anniversary of the date your alien spouse was granted conditional permanent residence.

Otherwise, the rights, privileges, responsibilities and duties which apply to all other permanent residents apply equally to a conditional permanent resident. A conditional permanent resident is not limited to the right to apply for naturalization, to file petitions in behalf of qualifying relatives, or to reside permanently in the United States as an immigrant in accordance with the immigration laws.

> **Failure to file Form I-751, Joint Petition to Remove the Conditional Basis of Alien's Permanent Resident Status, will result in termination of permanent residence status and initiation of deportation proceedings.**

**NOTE: You must complete Items 1 through 6 to assure that petition approval is recorded. Do not write in the section below item 6.**

| | |
|---|---|
| 1. Name of relative (Family name in CAPS) (First) (Middle) | |
| KAMBUROWSKI     Michael          Raphael | |
| 2. Other names used by relative (Including maiden name) | |
| None | |
| 3. Country of relative's birth | 4. Date of relative's birth (Month/Day/Year) |
| Poland | 05/03/71 |
| 5. Your name (Last name in CAPS) (First) (Middle) | 6. Your phone number |
| KAMBUROWSKI Terry Lynn | 202-785-0266 |

Action Stamp

SECTION
- ☐ 201 (b)(spouse)
- ☐ 201 (b)(child)
- ☐ 201 (b)(parent)
- ☐ 203 (a)(1)
- ☐ 203 (a)(2)
- ☐ 203 (a)(4)
- ☐ 203 (a)(5)

DATE PETITION FILED

☐ STATESIDE
CRITERIA GRANTED

SENT TO CONSUL AT:

### CHECKLIST

**Have you answered each question?**
**Have you signed the petition?**
**Have you enclosed:**

- ☒ The filing fee for each petition?
- ☒ Proof of your citizenship or lawful permanent residence?
- ☒ All required supporting documents for each petition?

**If you are filing for your husband or wife have you included:**

- ☒ Your picture?
- ☒ His or her picture?
- ☒ Your G-325A?
- ☒ His or her G-325A?

Relative Petition Card
Form I-130A (Rev. 4/11/91) Y

000000047

## NOTICE OF ENTRY OF APPEARANCE AS ATTORNEY OR REPRESENTATIVE

| In re:<br>All Immigration Matters | DATE  10-30-97 |
|---|---|
|  | FILE No. |

I hereby enter my appearance as attorney for (or representative of), and at the request of, the following named person(s):

| NAME   Terri Lynn Sweat | ☒ Petitioner ☐ Applicant<br>☐ Beneficiary ☐ |
|---|---|

ADDRESS  (Apt. No.)  (Number & Street)  (City)  (State)  (ZIP Code)
c/o Paul Shearman Allen & Assoc., 1329 18th St., NW, Washington, DC  20036

| NAME   KAMBUROWSKI, Michael R. | ☐ Petitioner ☐ Applicant<br>☒ Beneficiary ☐ |
|---|---|

ADDRESS  (Apt. No.)  (Number & Street)  (City)  (State)  (ZIP Code)
c/o Paul Shearman Allen & Assoc., 1329 18th St., NW, Washington, DC  20036

*Check Applicable Item(s) below:*

☒ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia

the State of New York, Pennsylvania _____ and am not under a
(Name of Court)

court or administrative agency order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☐ 3. I am associated with _____
the attorney of record who previously filed a notice of appearance in this case and my appearance is at his request. *(If you check this item, also check item 1 or 2 whichever is appropriate.)*

☒ 4. Others (Explain fully.)
You are advised that in conformity with Public Law 90-83, 5USC 500(f), 81 Stat 195, you are required to give notice to the undersigned of all notices or other written communication in this case.

| SIGNATURE<br>(x) Paul S. Allen _____ [signature]<br>( ) Susan Au Allen _____<br>( ) Pauline Schwartz | COMPLETE ADDRESS<br>PAUL SHEARMAN ALLEN & ASSOCIATES<br>1329 18th Street NW<br>Washington, D.C. 20036 |
|---|---|
| NAME (Type or Print)<br>Paul Shearman Allen | TELEPHONE NUMBER<br>202-638-2777 |

*PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS:* Paul Shearman Allen & Associates, Attorneys at Law
(Name of Attorney or Representative)

*THE ABOVE CONSENT TO DISCLOSE IS IN CONNECTION WITH THE FOLLOWING MATTER:*

ALL IMMIGRATION MATTERS

| *NAME OF PERSON CONSENTING*<br>Terri Lynn Sweat | *SIGNATURE OF PERSON CONSENTING*<br>[signature] | *DATE*<br>9/29/97 |
|---|---|---|

(NOTE: *Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)*

Form G-28
(Rev. 10-25-79)N                    (OVER)                    UNITED STATES DEPARTMENT OF JUSTICE
                                                             Immigration and Naturalization Service

000000048

# NOTICE OF ENTRY OF APPEARANCE AS ATTORNEY OR REPRESENTATIVE

| In re: | DATE 10-30-97 |
|---|---|
| All Immigration Matters | FILE No. |

I hereby enter my appearance as attorney for (or representative of), and at the request of, the following named person(s):

| NAME | | | | |
|---|---|---|---|---|
| Terri Lynn Sweat | | | [X] Petitioner | ☐ Applicant |
| | | | ☐ Beneficiary | ☐ |

| ADDRESS (Apt. No.) | (Number & Street) | (City) | (State) | (ZIP Code) |
|---|---|---|---|---|

c/o Paul Shearman Allen & Assoc., 1329 18th St., NW, Washington, DC 20036

| NAME | | | | |
|---|---|---|---|---|
| KAMBUROWSKI, Michael R. | | | ☐ Petitioner | ☐ Applicant |
| | | | [X] Beneficiary | ☐ |

| ADDRESS (Apt. No.) | (Number & Street) | (City) | (State) | (ZIP Code) |
|---|---|---|---|---|

c/o Paul Shearman Allen & Assoc., 1329 18th St., NW, Washington, DC 20036

*Check Applicable Item(s) below:*

[X] 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia

the State of New York, Pennsylvania _____ and am not under a
(Name of Court)

court or administrative agency order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☐ 3. I am associated with _____
the attorney of record who previously filed a notice of appearance in this case and my appearance is at his request. *(If you check this item, also check item 1 or 2 whichever is appropriate.)*

[X] 4. Others (Explain fully.)
You are advised that in conformity with Public Law90-83, 5USC 500(f), 81 Stat 195, you are required to give notice to the undersigned of all notices or other written communication in this case.

| SIGNATURE | COMPLETE ADDRESS |
|---|---|
| (x) Paul S. Allen | PAUL SHEARMAN ALLEN & ASSOCIATES |
| ( ) Susan Au Allen | 1329 18th Street NW |
| ( ) Pauline Schwartz | Washington, D.C. 20036 |
| NAME (Type or Print) | TELEPHONE NUMBER |
| Paul Shearman Allen | 202-638-2777 |

*PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS:* Paul Shearman Allen & Associates, Attorneys at Law
(Name of Attorney or Representative)

*THE ABOVE CONSENT TO DISCLOSE IS IN CONNECTION WITH THE FOLLOWING MATTER:*

ALL IMMIGRATION MATTERS

| NAME OF PERSON CONSENTING | SIGNATURE OF PERSON CONSENTING | DATE |
|---|---|---|
| Michael R. KAMBUROWSKI | | 9/26/97 |

(<u>NOTE</u>: *Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.*)

000000049

FORM G-325A
**BIOGRAPHIC INFORMATION**

OMB No. 1115-0066
Approval expires 4-30-85

| (Family name) | (First name) | (Middle name) | ☒ MALE ☐ FEMALE | BIRTHDATE (Mo.-Day-Yr.) | NATIONALITY | FILE NUMBER |
|---|---|---|---|---|---|---|
| KAMBUROWSKI Michael Raphael | | | | 05/03/71 | Australian | A-None |

| ALL OTHER NAMES USED (Including names by previous marriages) | CITY AND COUNTRY OF BIRTH | SOCIAL SECURITY NO. (If any) |
|---|---|---|
| None | Chelm Poland | |

| | FAMILY NAME | FIRST NAME | DATE, CITY AND COUNTRY OF BIRTH(If known) | CITY AND COUNTRY OF RESIDENCE |
|---|---|---|---|---|
| FATHER | Kamburowski | Zbigniew | 03-?1-48 Pola.. | Geelong, Australia |
| MOTHER (Maiden name) | Kalabun | Urzula | 10 1-48 Polano | Geelong, Aust..lia |

| HUSBAND (If none, so state) OR WIFE | FAMILY NAME (For wife, give maiden name) | FIRST NAME | BIRTH.. | ..TE C. ..& C..NTRY OF ..R.. | DATE OF MARRIAGE | ..ACE OF MARRIAGE |
|---|---|---|---|---|---|---|
| | SWEAT | T.rry.ynn | 5- 71 | ..amp..n, ..irginia | ..2-0..97 | ..irginia Alexandria |

| FORMER HUSBANDS OR WIVES (If none, so state) | | | | |
|---|---|---|---|---|
| FAMILY NAME (For wife, give m..den name) | FIRST NAME | BIRTH.. .. | ..E & PLA.. ..OF MARRIAGE | ..E AND PLA.. OF TERMINATION OF MARRIAGE |
| None | | | | |

APPLICANT'S RESIDENCE LAST FIVE YEARS. LIST PRESENT ADDRESS FIRST.

| STREET AND NUMBER | CITY | PROVINCE OR STATE | COUNTRY | FROM MONTH | YEAR | TO MONTH | YEAR |
|---|---|---|---|---|---|---|---|
| 2001 N. Adams St. # 416 | Arlington | Virginia | USA | 02 | 97 | PRESENT TIME | |
| 1300 Rhode Island Ave, N.W. | Wash. D.C. | | USA | 12 | 95 | 02 | 97 |
| 1517 Kingman Place, NW | Wash.D.C. | | USA | 07 | 95 | 12 | 97 |
| 3202 N. Pershing Dr. | Arlington | VA | USA | 01 | 95 | 07 | 95 |

APPLICANT'S LAST ADDRESS OUTSIDE THE UNITED STATES OF ..ORE T.. ..ON.. YEAR

| STREET AND NUMBER | ..ITY | PROV..E OR S.. | ..OUN.. | FROM MONTH | YE.. | TO MONTH | YEAR |
|---|---|---|---|---|---|---|---|
| 14 Grange Court | ..ee..ong | ..ictoria | A..str..a.. | 85 | | 01 | 95 |

APPLICANT'S EMPLOYMENT LAST F.. YEARS (I.. ..NE, S.. ..) LIST P.. ..NT L.. ..OYMEN..

| FULL NAME AND ADDRESS OF ..MPLOYER | | | ..OL ..ATION (SP.. | FROM MO | YE.. R | TO ..ONTH | YEAR |
|---|---|---|---|---|---|---|---|
| Americans for 1.. Refor.. Was..gton D..C. | | | PR/I ..licy ..ly | | 95 | PRESENT TIME | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

*Show below last occupation abroad if not shown above. (Include all information requested above.)*

| Mahlab Group | | Marketing | 93 | | 94 |
|---|---|---|---|---|---|

| THIS FORM IS SUBMITTED IN CONNECTION WITH APPLICATION FOR: | SIGNATURE OF APPLICANT | DATE |
|---|---|---|
| ☐ NATURALIZATION ☒ STATUS AS PERMANENT RESIDENT ☐ OTHER (SPECIFY) | | 9/23/97 |

| Are all copies legible? ☒ Yes | IF YOUR NATIVE ALPHABET IS IN OTHER THAN ROMAN LETTERS WRITE YOUR NAME IN YOUR NATIVE ALPHABET IN THIS SPACE |
|---|---|

PENALTIES: SEVERE PENALTIES ARE PROVIDED BY LAW FOR KNOWINGLY AND WILLFULLY FALSIFYING OR CONCEALING A MATERIAL..

## APPLICANT:

BE SURE TO PUT YOUR NAME AND ALIEN REGISTRATION NUMBER IN THE BOX OUTLINED BY HEAVY BORDER BELOW

| COMPLETE THIS BOX (Family name) | (Given name) | (Middle name) | (Alien registration number) |
|---|---|---|---|
| KAMBUROWSKI | Michael | Raphael | None |

(1) Ident.

000000050

U.S. Department of Justice
Immigration and Naturalization Service

FORM G-325A
**BIOGRAPHIC INFORMATION**

OMB No. 1115-0066
Approval expires 4-30-85

| (Family name) KAMBUROWSKI | (First name) Terry Lynn | (Middle name) | ☐ MALE ☒ FEMALE | BIRTHDATE (Mo.-Day-Yr.) 5-23-72 | NATIONALITY American | FILE NUMBER A-US citizen |
|---|---|---|---|---|---|---|

| ALL OTHER NAMES USED (Including names by previous marriages) | CITY AND COUNTRY OF BIRTH | SOCIAL SECURITY NO. (If any) |
|---|---|---|
| SWEAT | Hampton Virginia | 226 23 7903 |

|  | FAMILY NAME | FIRST NAME | DATE, CITY AND COUNTRY OF BIRTH(If known) | CITY AND COUNTRY OF RESIDENCE |
|---|---|---|---|---|
| FATHER | SWEAT | Dennis | Unk Virginia, USA | Woodbridge, VA |
| MOTHER (Maiden name) | STITH | Mary Louise | Unk Virginia, USA | Woodbridge, VA |

| HUSBAND (If none, so state) OR WIFE | FAMILY NAME (For wife, give maiden name) | FIRST NAME | BIRTHDATE | CITY & COUNTRY OF BIRTH | DATE OF MARRIAGE | PLACE OF MARRIAGE |
|---|---|---|---|---|---|---|
|  | KAMBUROWSKI | Michael | 05/03/71 | Chelm Poland | 02-08-97 | Alexandria Virginia |

| FORMER HUSBANDS OR WIVES (If none, so state) | | | | |
|---|---|---|---|---|
| FAMILY NAME (For wife, give maiden name) | FIRST NAME | BIRTHDATE | DATE & PLACE OF MARRIAGE | DATE AND PLACE OF TERMINATION OF MARRIAGE |
| None | | | | |

APPLICANT'S RESIDENCE LAST FIVE YEARS. LIST PRESENT ADDRESS FIRST.

| STREET AND NUMBER | CITY | PROVINCE OR STATE | COUNTRY | FROM MONTH | FROM YEAR | TO MONTH | TO YEAR |
|---|---|---|---|---|---|---|---|
| 2001 North Adams St. # 416 | Arlington | VA 22201 | USA | 02 | 97 | PRESENT TIME | |
| 1612 Ashford Place | Woodbridge | VA | USA | 6 | 84 | 2 | 97 |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

APPLICANT'S LAST ADDRESS OUTSIDE THE UNITED STATES OF MORE THAN ONE YEAR

| STREET AND NUMBER | CITY | PROVINCE OR STATE | COUNTRY | FROM MONTH | FROM YEAR | TO MONTH | TO YEAR |
|---|---|---|---|---|---|---|---|
| N/A | | | | | | | |

APPLICANT'S EMPLOYMENT LAST FIVE YEARS. (IF NONE, SO STATE.) LIST PRESENT EMPLOYMENT FIRST

| FULL NAME AND ADDRESS OF EMPLOYER | OCCUPATION (SPECIFY) | FROM MONTH | FROM YEAR | TO MONTH | TO YEAR |
|---|---|---|---|---|---|
| American Inns of Court, 127 S.Peyton St. # 201 | Program Coordin | 10 | 96 | PRESENT TIME | |
| Apache Medical Systems, 1235 Tysons Blvd. # 300 | Sales Support | 1 | 96 | 10 | 96 |
| Banana Republic, 640 King Street | Manager | 10 | 94 | 1 | 96 |
| Harry Weese Associates, 1200 L'Enfant Plaza | Admin. Assist. | 5 | 92 | 8 | 94 |
| OC Incorporated, 1600 Jefferson Davis Highway | Admin. Assist. | 11 | 91 | 5 | 92 |

*Show below last occupation abroad if not shown above. (Include all information requested above.)*

| N/A | N/A | | | | |
|---|---|---|---|---|---|

| THIS FORM IS SUBMITTED IN CONNECTION WITH APPLICATION FOR: | SIGNATURE OF APPLICANT | DATE |
|---|---|---|
| ☐ NATURALIZATION  ☒ STATUS AS PERMANENT RESIDENT ☐ OTHER (SPECIFY) | *Terri J. Sweat* | 09-23-97 |
| Are all copies legible?  ☒ Yes | IF YOUR NATIVE ALPHABET IS IN OTHER THAN ROMAN LETTERS WRITE YOUR NAME IN YOUR NATIVE ALPHABET IN THIS SPACE | |

PENALTIES: SEVERE PENALTIES ARE PROVIDED BY LAW FOR KNOWINGLY AND WILLFULLY FALSIFYING OR CONCEALING A MATERIAL FACT.

## APPLICANT:
**BE SURE TO PUT YOUR NAME AND ALIEN REGISTRATION NUMBER IN THE BOX OUTLINED BY HEAVY BORDER BELOW.**

| COMPLETE THIS BOX (Family name) | (Given name) | (Middle name) | (Alien registration number) |
|---|---|---|---|
| KAMBUROWSKI | Terry | Lynn | US citizen |

Form G-325 A (Rev. 10-1-82)          (1) Ident.

000000051

# COMMONWEALTH OF VIRGINIA

STATE DEPARTMENT OF HEALTH, RICHMOND

## CERTIFICATE OF MARRIAGE

I CERTIFY THAT I JOINED TOGETHER IN MARRIAGE:

MICHAEL RAPHAEL KAMBUROWSKI

——————————————, HUSBAND,

AND

TERRI LYNN SWEAT

——————————————, WIFE,

ON   FEBRUARY 8, 1997   IN   ALEXANDRIA

——————————————, VIRGINIA,

BY AUTHORITY OF A LICENSE ISSUED BY THE CLERK OF THE CIRCUIT COURT OF

ALEXANDRIA ——————————— VIRGINIA, DATED   JANUARY 28, 1997

GIVEN UNDER MY HAND ON   FEBRUARY 8, 1997

_C. Allen Berry_
(Signature of Officiant)

CULLEN B. JONES, JR.
(Title of Officiant)

APPOINTEE

000000052

IMMIGRATION COURT

In the Matter of

KAMBUROWSKI, MICHAEL RAPHAEL
    Respondent

Case No.: A76-595-582

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Jul 16, 2004.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[ ]  The respondent was ordered removed from the United States to
                                          or in the alternative

[ ]  Respondent's application for voluntary departure was denied and
    respondent was ordered removed to
    alternative to

[ ]  Respondent's application for voluntary departure was granted until
    upon posting a bond in the amount of $ _____
    with an alternate order of removal to

[ ]  Respondent's application for asylum was ( )granted ( )denied
    ( )withdrawn.

[ ]  Respondent's application for withholding of removal was ( )granted
    ( )denied ( )withdrawn.

[ ]  Respondent's application for cancellation of removal under section
    240A(a) was ( )granted ( )denied ( )withdrawn.

[ ]  Respondent's application for cancellation of removal was ( ) granted
    under section 240A(b)(1) ( ) granted under section 240A(b)(2)
    ( ) denied ( ) withdrawn. If granted, it was ordered that the
    respondent be issued all appropriate documents necessary to give
    effect to this order.

[ ]  Respondent's application for a waiver under section _____ of the INA was
    ( )granted ( )denied ( )withdrawn or ( )other.

[ ]  Respondent's application for adjustment of status under section
    of the INA was ( )granted ( )denied ( )withdrawn. If granted, it
    was ordered that respondent be issued all appropriate documents necessary
    to give effect to this order.

[ ]  Respondent's status was rescinded under section 246.

[ ]  Respondent is admitted to the United States as a _____ until _____

[ ]  As a condition of admission, respondent is to post a $ _____ bond.

[ ]  Respondent knowingly filed a frivolous asylum application after proper
    notice.

[ ]  Respondent was advised of the limitation on discretionary relief for
    failure to appear as ordered in the Immigration Judge's oral decision.

[X]  Proceedings were terminated without prejudice

[X]  Other: Applicant never Received proper Notice

Date: Jul 16, 2004
Appeal: ( Waived/Reserved ) Appeal Due By: _____

    (NA)

STEVEN R. ABRAMS
Immigration Judge

DCR

### CERTIFICATE OF SERVICE

THIS DOCUMENT WAS SERVED BY: MAIL (M)   PERSONAL SERVICE (P)
TO: [X] ALIEN [ ] ALIEN c/o Custodial Officer [X] ALIEN'S ATT/REP [ ] INS
DATE: 7/16/04      BY: COURT STAFF
   Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Oth




# DiRaimondo & Masi, LLP
### Attorneys at Law

401 Broadhollow Road, #302
Melville, New York 11747
(631) 777-5557
(631) 777-5114 Fax

120 Broadway, 18th Floor
New York, New York 10271
(212) 587-0550
Fax (212) 587-0545

**FEDERAL EXPRESS**

May 20, 2004

Honorable Steven Abrams
Immigration Judge
Executive Office for Immigration Review
Wackenhut Detention Facility
182-22 150th Avenue
Jamaica, New York 11413

Re: Michael **KAMBUROWSKI** - A76 595 582

Dear Judge Abrams:

In reference to the above captioned individual, please be advised that the USCIS has not yet adjudicated Mr. Kamburowski's immigrant visa petition. As a result, we respectfully request that Mr. Kamburowski's Master hearing, which is currently scheduled for May 21, 2004, be adjourned for at least thirty (30) days. Assistant Chief Legal Counsel Mr. James Paoli, Esq. has agreed to this request. I am presently available for a telephonic master hearing on the following dates: July 16, July 23, July 30, and August 6, 2004.

We apologize for any inconvenience this may cause the Court. Thank you for your time and consideration.

Very truly yours,

Michael P. DiRaimondo

MPD/mlm

cc: James Paoli, Esq.

Michael Kamburowski

**CERTIFICATE OF SERVICE**

I hereby certify that foregoing letter was served on James Paoli, Esq., Assistant Chief Counsel, DHS, 182-22 150th Avenue, Jamaica, NY 11413, by First Class Mail, on this 20th day of May, 2004.

Marialaina L. Masi

# NOTICE OF HEARING IN REMOVAL PROCEEDINGS
## IMMIGRATION COURT

RE: KAMBUROWSKI, MICHAEL RAPHAEL

FILE: A76-595-582                                    DATE: May 21, 2004

TO:
    MICHAEL P. DIRAIMONDO
    401 BROADHOLLOW RD. #302
    MELVILLE, NY 11747

Please take notice that the above captioned case has been scheduled for a Master/Individual hearing before the Immigration Court on ___7/16/04___ at ___9:30A.m.___ at

        182-22 150TH AVENUE.
        JAMAICA, NY 11413

You may be represented in these proceedings, at no expense to the Government, by an attorney or other individual who is authorized and qualified to represent persons before an Immigration Court. Your hearing date has not been scheduled earlier than 10 days from the date of service of the Notice to Appear in order to permit you the opportunity to obtain an attorney or representative. If you wish to be represented, your attorney or representative must appear with you at the hearing prepared to proceed. You can request an earlier hearing in writing.
YOU MUST BRING PHOTO IDENTIFICATION AND HEARING NOTICE TO ENTER THE BUILDING.
Failure to appear at your hearing except for exceptional circumstances may result in one or more of the following actions:
    1) You may be taken into custody by the Immigration and Naturalization Service and held for further action.
    2) Your hearing may be held in your absence under section 240(b)(5) of the Immigration and Nationality Act. An order of removal will be entered against you if the Immigration and Naturalization Service established by clear, unequivocal and convincing evidence that a) you or your attorney has been provided this notice and b) you are removable.
IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT CORRECT, WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION COURT THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR TELEPHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS. EVERYTIME YOU CHANGE YOUR ADDRESS AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE COURT OF YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE ON THE ATTACHED FORM EOIR-33. ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM THE COURT WHERE YOU ARE SCHEDULED TO APPEAR. IN THE EVENT YOU ARE UNABLE TO OBTAIN A FORM EOIR-33, YOU MAY PROVIDE THE COURT IN WRITING WITH YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST CLEARLY MARK THE ENVELOPE "CHANGE OF ADDRESS." CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED, AND WILL BE CONSIDERED SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.
A list of Free Legal Service providers has been given to you. For information regarding the status of your case call toll free 1-800-898-7180 OR 703-305-1662.
OCR

# NOTICE OF HEARING IN REMOVAL PROCEEDINGS
## IMMIGRATION COURT

RE: KAMBUROWSKI MICHAEL RAPHAEL
FILE: A76-595-582

DATE: Apr 9, 2004

TO:  MICHAEL P. DIRAIMONDO
401 BROADHOLLOW RD. #302
MELVILLE, NY 11747

Please take notice that the above captioned case has been scheduled for a Master/Individual hearing before the Immigration Court on ___5/21/04___ at ___9:30 Am___ at

### 182-22 150TH AVENUE
### JAMAICA, NY 11413

You may be represented in these proceedings, at no expense to the Government, by an attorney or other individual who is authorized and qualified to represent persons before an Immigration Court. Your hearing date has not been scheduled earlier than 10 days from the date of service of the Notice to Appear in order to permit you the opportunity to obtain an attorney or representative. If you wish to be represented, your attorney or representative must appear with you at the hearing prepared to proceed. You can request an earlier hearing in writing.

YOU MUST BRING PHOTO IDENTIFICATION AND HEARING NOTICE TO ENTER THE BUILDING.

Failure to appear at your hearing except for exceptional circumstances may result in one or more of the following actions:

1) You may be taken into custody by the Immigration and Naturalization Service and held for further action.

2) Your hearing may be held in your absence under section 240(b)(5) of the Immigration and Nationality Act. An order of removal will be entered against you if the Immigration and Naturalization Service established by clear, unequivocal and convincing evidence that a) you or your attorney has been provided this notice and b) you are removable.

IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT CORRECT, WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION COURT THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR TELEPHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS. EVERYTIME YOU CHANGE YOUR ADDRESS AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE COURT OF YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE ON THE ATTACHED FORM EOIR-33. ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM THE COURT WHERE YOU ARE SCHEDULED TO APPEAR. IN THE EVENT YOU ARE UNABLE TO OBTAIN A FORM EOIR-33, YOU MAY PROVIDE THE COURT IN WRITING WITH YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST CLEARLY MARK THE ENVELOPE "CHANGE OF ADDRESS". CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED, AND WILL BE CONSIDERED SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.

A list of Free Legal Service Providers has been given to you. For information regarding the status of your case, call toll free 1-800-898-7180 OR 703-305-1662.

MHH

 

# Di Raimondo & Masi, LLP

ATTORNEYS AT LAW

401 BROADHOLLOW ROAD, #302
MELVILLE, NEW YORK 11747
(631) 777-5557
(631) 777-5114 FAX

120 BROADWAY, 18TH FLOOR
NEW YORK, NEW YORK 10271
(212) 587-0550
FAX (212) 587-0545

**FEDERAL EXPRESS**

April 8, 2004

Honorable Steven Abrams
Immigration Judge
Executive Office for Immigration Review
Wackenhut Detention Facility
182-22 150th Avenue
Jamaica, New York 11413

RECEIVED
DEPARTMENT OF JUSTICE
04 APR -9 PM 12:09
IMMIGRATION COURT
JAMAICA, NEW YORK

Re: Michael **KAMBUROWSKI** - A76 595 582

Dear Judge Abrams:

In reference to the above captioned individual, please be advised that Mr. James Paoli, Esq. has recently informed this office that the government has agreed to adjudicate Mr. Kamburowski's Petition for Immediate Relative, Form I-130, administratively. As a result, we respectfully request that Mr. Kamburowski's Master hearing, which is currently scheduled for April 9, 2004, be adjourned.

We apologize for any inconvenience this may cause the Court. Thank you for your time and consideration.

Very truly yours,

Michael P. DiRaimondo

MPD/kag

cc: James Paoli, Esq.
    Michael Kamburowski

CERTIFICATE OF SERVICE

I hereby certify that foregoing letter was served on James Paoli, Esq., Assistant Chief Counsel, DHS, 182-22 150th Avenue, Jamaica, NY 11413, by First Class Mail, on this 8th day of April, 2004.

Marialaina L. Masi

000000058

NOTICE OF HEARING IN REMOVAL PROCEEDINGS
IMMIGRATION COURT

RE: KAMBUROWSKI, MICHAEL RAPHAEL
FILE: A76-595-582

DATE: Mar 26, 2004

TO:
MICHAEL P. DIRAIMONDO
401 BROADHOLLOW RD. #302
MELVILLE, NY 11747

Please take notice that the above captioned case has been scheduled for a Master/Individual hearing before the Immigration Court on April 9, 2004 at 9:30 A.M. at

182-22 150TH AVENUE
JAMAICA, NY 11413

You may be represented in these proceedings, at no expense to the Government, by an attorney or other individual who is authorized and qualified to represent persons before an Immigration Court. Your hearing date has not been scheduled earlier than 10 days from the date of service of the Notice to Appear in order to permit you the opportunity to obtain an attorney or representative. If you wish to be represented, your attorney or representative must appear with you at the hearing prepared to proceed. You can request an earlier hearing in writing.
YOU MUST BRING PHOTO IDENTIFICATION AND HEARING NOTICE TO ENTER THE BUILDING
Failure to appear at your hearing except for exceptional circumstances may result in one or more of the following actions:
1) You may be taken into custody by the Immigration and Naturalization Service and held for further action.
2) Your hearing may be held in your absence under section 240(b)(5) of the Immigration and Nationality Act. An order of removal will be entered against you if the Immigration and Naturalization Service established by clear, unequivocal and convincing evidence that a) you or your attorney has been provided this notice and b) you are removable.

IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT CORRECT, WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION COURT THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR TELEPHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS. EVERYTIME YOU CHANGE YOUR ADDRESS AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE COURT OF YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE ON THE ATTACHED FORM EOIR-33. ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM THE COURT WHERE YOU ARE SCHEDULED TO APPEAR. IN THE EVENT YOU ARE UNABLE TO OBTAIN A FORM EOIR-33 YOU MAY PROVIDE THE COURT IN WRITING WITH YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST CLEARLY MARK THE ENVELOPE "CHANGE OF ADDRESS". CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED, AND WILL BE CONSIDERED SUFFICIENT NOTICE TO YOU, AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.

A LEGAL SERVICES LIST HAS BEEN GIVEN TO YOU 718-960-3450
Information regarding the status of your case, call toll-free 1-800-898-7180
OR 703-305-1885
MMJ

## LIMITATIONS ON DISCRETIONARY RELIEF FOR FAILURE TO APPEAR

( X )  1. You have been scheduled for a removal hearing, at the time and place set forth on the attached sheet. Failure to appear for this hearing other than because of exceptional circumstances beyond your control* will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for a period of ten (10) years after the date of entry of the final order of removal.

(  )  2. You have been scheduled for an asylum hearing, at the time and place set forth on the attached notice. Failure to appear for this hearing other than because of exceptional circumstances beyond your control* will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. Below) for a period of ten (10) years from the date of your scheduled hearing.

(  )  3. You have been granted voluntary departure from the United States pursuant to section 240B of the Immigration and Nationality Act, and remaining in the United States beyond the authorized date will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. Below) for ten (10) years from the date of the scheduled departure. Your Voluntary departure bond, if any, will also be breached. Additionally, if you fail to voluntarily depart the United States within the time period specified, you shall be subject to a civil penalty of not less than $1000 and not more than $5000.

**the term "exceptional circumstances" refers to circumstances such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances.

A. THE FORMS OF RELIEF FROM REMOVAL FOR WHICH YOU WILL BECOME INELIGIBLE ARE:
   1) Voluntary departure as provided for in section 240B of the Immigration and Nationality Act;
   2) Cancellation of removal as provided for in section 240A of the Immigration and Nationality Act; and
   3) Adjustment of status or change of status as provided for in Section 245, 248 or 249 of the Immigration and Nationality Act.

This written notice was provided to the alien in English. Oral notice of the contents of this notice must be given to the alien in his/her native language [POLISH] language he/she understands by the Immigration Judge.
Date: May 26, 2004
Immigration Judge _____ or Court Clerk: _m̂ŷonê_

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN [ ] ALIEN c/o Custodial Officer [ ] ALIEN's ATT/REP [P] INS
DATE: 3/26/04       BY: COURT STAFF _m̂ŷonê_
[ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] OTHER

000000060




23 I. & N. Dec. 181
Interim Decision (BIA) 3458, 2001 WL 1515819 (BIA)
(Publication page references are not available for this document.)

Page 1

▷

U.S. Department of Justice

Executive Office for Immigration Review
Board of Immigration Appeals

IN RE G-Y-R-, RESPONDENT
Decided October 19, 2001

(1) When an alien fails to appear at rem oval proceedings for which notice of the hearing was served by mail, an in absentia order may only be entered where the alien has received, or can be charged with receiving, a Notice to Appear (Form I-862) informing the alien of the statutory address obligations associated with removal proceedings and of the consequences of failing to provide a current address, pursuant to section 239(a)(1)(F) of the Immigration and Nationality Act, 8 U.S.C. § 1229(a)(1)(F) (Supp. V 1999).



(2) Entry of a n in absentia order of removal is inappropriate where the record reflects that the alien did not receive, or could not be charged with receiving, the Notice to Appear that was served by certified mail at an address obtained from documents filed with the Immigration and Naturalization Service several years earlier.

Pro se

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Kimberley Joy Shepherd, Assistant District Counsel

BEFORE: Board En Banc: SCIALABBA, Acting Chairman; DUNNE, Vice Chairman; SCHMIDT, HOLMES, HURWITZ, VILLAGELIU, FILPPU, GUENDELSBERGER, MATHON, ROSENBERG, GRANT, MOSCATO, MILLER, BRENNAN, ESPENOZA, OSUNA, and OHLSON, Board Members. Dissenting Opinion: JONES, Board Member, joined by COLE, Board Member. [FN1]

The Immigration and Naturalization Service appeals from the September 30, 1997, decision of the Immigration Judge to terminate proceedings. The appeal will be dismissed.

I. BACKGROUND

The respondent, a native and citizen of El Salvador, entered the United States without inspection on March 21, 1982, and 2 months later filed a Request for Asylum in the United States (Form I-589) with the Service. [FN2] On June 22, 1991, the respondent submitted an A lien Address Report Card (Form I-104), updating her address with the Service.

On an undisclosed date in 1997, the Service mailed an appointment notice to the respondent for an asylum interview on July 27, 1997. That notice was mailed to the a ddress provided by the respondent in 1991, but we do not know whether she

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works



000000061



23 I. & N. Dec. 181
Interim Decision (BIA) 3458, 2001.WL 1515819 (BIA)
(Publication page references are not available for this document.)

actually received it. The respondent did not appear for her scheduled interview.

On July 7, 1997, the Service sent to the respondent, by certified mail to that same address, a Notice to Appear (Form I-862) for a removal hearing scheduled for September 30, 1997. We understand from the Service's brief that the respondent did not receive the Notice to Appear because it was returned to t he Service by the Postal Service.

When the respondent did not appear for her hearing, the Service moved to proceed with the hearing in absentia. The Immigration Judge offered to administratively close proceedings to allow the Service time to serve the respondent again, but the Service elected to proceed on the record. Noting the long delay by the Service in acting upon the respondent's asylum application, the Immigration Judge was not satisfied that the respondent was aware of the removal proceedings, "thereby initiating the requirement that she keep the Court and Service informed of an address or bear the consequences for failure to do so." The Immigration Judge terminated proceedings without prejudice. The Immigration Judge's order was thereafter sent by certified mail to the same address as that on the Notice to Appear, and that mailing was returned to the Immigration Court with the annotation "Moved Left No Address."

On appeal, the Service contends that the Immigration Judge should not have terminated proceedings but should have instead ordered the respondent removed in absentia. The Service argues that proper notice of proceedings was effected through "attempted delivery to the last address provided by the alien" pursuant to section 239(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229(a) (Supp. V 1999). The Service also asserts that section 265 of the Act, 8 U.S.C. § 1305 (1994), places an affirmative duty on the respondent to keep the Attorney General apprised of her whereabouts or face certain consequences under section 266 of the Act, 8 U.S.C. § 1306 (1994 & Supp. V 1999).

The respondent has not replied to the Service's appeal. It appears that she is unaware of these proceedings.

Thus, in this case, we know that the Notice to Appear was not personally served on the respondent but was sent to her by certified mail. We also know that the respondent did not receive the Notice to Appear because the certified mailing w as returned. Further, we know that the respondent did not receive any notice of the hearing because the Notice to Appear contained her first and only notice of the date, time, and place of her removal hearing.

## II. ISSUE

The issue is whether an Immigration Judge may order an alien removed in absentia when the Service mails the Notice to Appear to the last address it has for an alien, but the record reflects that the alien did not receive the Notice to Appear and the notice of hearing it contains, and therefore has never been notified of the initiation of removal proceedings or the alien's address obligations under section 239(a)(1) of the Act.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works



000000062




23 I. & N. Dec. 181
Interim Decision (BIA) 3458, 2001 WL 1515819 (BIA)
(Publication page references are not available for this document.)

Page 3

This question can best be answered by a careful reading of the pertinent statutory provisions-specifically, sections 239(a) and (c) and 240(b)(5) of the Act, 8 U.S.C. §§ 1229(a) and (c) and 1229a(b)(5) (Supp. V 1999). We understand these interrelated provisions collectively to preclude the entry of an in absentia order of removal when the alien has not received the Notice to Appear and thus does not know of the particular address obligations associated with removal proceedings.

### III. THE NOTICE TO APPEAR

Removal proceedings are initiated when an alien is provided notice of proceedings through the service of a Notice to Appear. Section 239(a)(1) of the Act. The contents of the Notice to Appear are carefully prescribed in section 239(a)(1) of the Act, which provides as follows:

In removal proceedings under section 240, written notice (in this section referred to as a "notice to appear") shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any) specifying the following:

(A) The nature of the proceedings against the alien.

(B) The legal authority under which the proceedings are conducted.

(C) The acts or conduct alleged to be in violation of law.

(D) The charges against the alien and the statutory provisions alleged to have been violated.

(E) The alien may be represented by counsel and the alien will be provided (i) a period of time to secure counsel under subsection (b)(1) of this section and (ii) a current list of counsel prepared under subsection (b)(2) of this section.

(F)(i) The requirement that the alien must immediately provide (or have provided) the Attorney General with a written record of an address and telephone number (if any) at which the alien may be contacted respecting proceedings under section 240.

(ii) The requirement that the alien must provide the Attorney General immediately with a written record of any change of the alien's address or telephone number.

(iii) The consequences under section 240(b)(5) of failure to provide address and telephone information pursuant to this subparagraph.

(G)(i) The time and place at which the proceedings will be held.

(ii) The consequences under section 240(b)(5) of the failure, except under exceptional circumstances, to appear at such proceedings. (Emphasis added.)

Thus, as indicated by subparagraph (F)(i), the Notice to Appear apprises the alien that he or she has a particular address obligation respecting removal proceedings: the necessity of providing an address "at which the alien may be contacted respecting proceedings" under section 240." As indicated by subparagraph (F)(iii), the Notice to Appear also warns the alien of the potential for an in absentia order if the alien fails to provide address information as instructed by the Notice to Appear: "[t]he consequences under section 240(b)(5) [the in absentia provisions] of failure to provide address and telephone information pursuant to this subparagraph."

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works



000000063

 

23 I. & N. Dec. 181
Interim Decision (BIA) 3458, 2001 WL 1515819 (BIA)
(Publication page references are not available for this document.)

### B. Means of Service

The alien must be properly served with the Notice to Appear before the particular address obligations of removal proceedings are fixed and the Immigration Judge is authorized to proceed in absentia. In the past, proceedings could be initiated by a notice of proceedings that was personally serve d on the alien or was sent by certified mail. See section 242B(a)(1) of the Act, 8 U.S.C. § 1252b(a)(1) (1994). In fact, notice was deemed sufficient if the alien could be charged with having received the certified mailing. See Matter of Grijal va, 21 I&N Dec. 27, 32 (BIA 1995) (allowing an alien to be charged with receipt when the certified mail receipt has been signed "'by the respondent or a responsible person at the respondent's address"' (quoting Matter of Huete, 20 I&N Dec. 250, 253 (BIA 1991))). The certified mail requirement has been removed, and the statute now simply permits "service by mail" if personal service is "not practicable." Section 239(a)(1) of the Act.

However, if the alien does not actually receive the mailing, as is the case before us, the statute specifies that the sufficiency of service will depend on whether there is "proof of attempted delivery to the last address provided by the alien in accordance with subsection (a)(1)(F)." Section 239(c) of the Act (emphasis added). Thus, in cases where the alien does not get the mailing, only the use of an address that satisfies section 239(a)(1)(F) of the Act will suffice for the initiation of proceedings.

### C. In Absentia Proceedings

If an alien fails to appear after he or she has received a notice of hearing—whether it is the notice of hearing contained in the Notice to Appear or a subsequent hearing notice—the Immigration Judge may proceed in absentia. The specific authorization for doing so is found in section 240(b)(5) of the Act, which provides as follows:

CONSEQUENCES OF FAILURE TO APPEAR. -

(A) IN GENERAL.-Any alien who, after written notice required under paragraph (1) or (2) of section 239(a) has been provided to the alien or the alien's counsel of record, does not attend a proceeding under this section, shall be ordered removed in absentia if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable (as defined in subsection (e)(2) of this section). The written notice by the Attorney General shall be considered sufficient for purposes of this subparagraph if provided at the most recent address provided under section 239(a)(1)(F).

(B) NO NOTICE IF FAILURE TO PROVIDE ADDRESS INFORMATION.-No written notice shall be required under subparagraph (A) if the alien has failed to provide the address required u nder section 239(a)(1)(F). (Emphasis added).

Thus, in cases where the hearing notice is sent by mail, the entry of an in absentia order is authorized when the alien has been given written notice of the removal hearing "at the most recent address provided under section 239(a)(1)(F)." section 240(b)(5) of the Act.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works



000000064



23 I. & N. Dec. 181
Interim Decision (BIA) 3458, 2001 WL 1515819 (BIA)
(Publication page references are not available for this document.)

Page 5

Therefore, the critical question for in absentia cases involving mailed notice is whether the notice is mailed to an address that qualifies as an "address provided under section 239(a)(1)(F)." If an address does not, then the Immigration Judge may not enter an in absentia order of removal because the statutory notice requirement has not been satisfied.

### IV. A "SECTION 239(a)(1)(F)" ADDRESS

In this instance, the Service sent the respondent's Notice to Appear by certified mail to the most recent address it had on file-an address that she provided on a change of address form in 1991, 6 years before the Service attempted to place her in proceeding s. The Service has offered proof that it attempted to deliver the Notice to Appear to that address.

The question is whether the address used by the Service to mail the Notice to Appear and notice of hearing equates to "the last address provided by the alien in accordance with subsection (a)(1)(F)," as required for the initiation of proceedings under section 239(c) of the Act, or "the most recent address provided under section 239(a)(1)(F)," as required for the entry of an in absentia rem oval order under section 240(b)(5)(A) of the Act. The sufficiency of notice therefore rests squarely on what constitutes a section 239(a)(1)(F) address.

### A. Actual Notice and Section 239(a)(1)(F)

Due process requires that the alien be provided with notice of proceedings and an opportunity to be heard. Landon v. Plasencia, 459 U.S. 21, 32-33 (1982); Bridges v. Wixon, 326 U.S. 135, 154 (1945); Kaoru Yamataya v. Fisher, 189 U.S. 86, 101 (1903). It is therefore critical th at notice be reasonably calculated to _ apprise the alien of his or her scheduled hearing and the immigration charges levied by the Service. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

As a general matter, actual notice will always suffice. See, e.g., Matter of Pence, 905 F.2d 1107, 1109 (7th Cir.1990). Consequently, if an alien actually receives a Notice to Appear that is mailed to a section 239(a)(1) address, such as an address from any form filed with the Service, the alien will be put on actual notice of the proceedings, including notice of the obligation to keep the Attorney General informed of any address changes and of the in absentia consequences for failing to do so. Thus, an address taken from an asylum application or a change of address form that accomplishes actual delivery of the Notice to Appear qualifies as a "section 239(a)(1)(F)" address because the alien will actually be informed of the initiation of removal proceedings and the rights and obligations that attach. In the terms of the statute, the alien will "have provided" an address at which he or she can be "contacted respecting proceedings" if any earlier provided address was effective for receiving the Notice to Appear and the alien has not provided any written record of an address change. Section 239(a)(1)(F)(ii) of the Act.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

000000065

23 I. & N. Dec. 181
Interim Decision (BIA) 3458, 2001 WL 1515819 (BIA)
(Publication page references are not available for this document.)

Page 6




### B. Constructive Notice and Section 239(a)(1)(F)

This case, however, does not involve actual notice of proceedings. Rather, it involves constructive notice in the form of undelivered written notice. The sufficiency of constructive notice depends on whether the notice comports with the requirements of the applicable statute and the expectations of due process. See generally Mullane v. Central Hanvover Bank & Trust Co., supra; San Augustine County, Tex. v. Cameron County Water Imp. Dist. No. 10, 202 F.2d 932, 934 (5th Cir. 1953).

The statute allows a hearing to be conducted in absentia, but only when the alien was sent written notice "at the most recent address provided under section 239(a)(1)(F)." Section 240(b)(5)(A) of the Act. The literal language of this provision requires that the address be one provided both by the alien and "under section 239(a)(1)(F)." [FN3] Id. As we understand the in absentia provisions in section 240(b)(5)(A), when read in light of section 239(a)(1)(F) itself, the alien cannot provide a "section 239(a)(1)(F)" address (or "have provided" it and therefore not need to change it) unless the alien has been advised to do so.

In this regard, it is section 239(a)(1)(F) itself that requires the Notice to Appear to inform the alien of the particular address obligation s associated with removal proceedings. Section 239(a)(1)(F)(i) of the Act. Section 239(a)(1)(F) mandates that the Notice to Appear also inform the alien of the in absentia consequences of failing to comply with those address requirements. Section 239(a)(1)(F)(iii) of the Act. Together, these provisions lead to the conclusion that an address does not become a section 239(a)(1)(F) address unless the alien receives the warnings and advisals contained in the Notice to Appear. This conclusion is reinforced by the parallel language of section 239(c), which permits service by mail when the address used is "provided by the alien in accordance with subsection (a)(1)(F)." Section 239(c) of the Act. Simply put, an alien cannot be expected to provide an address "under" or "in accordance with" section 239(a)(1)(F) until the alien has been informed of the particular address obligations contained in section 239(a)(1)(F) itself.

Accordingly, we find that an address can be a section 239(a)(1)(F) address only if the alien has first been informed of the particular statutory address obligations associated with removal proceedings and of the consequences of failing to provide a current address. Because that information is first communicated in the Notice to Appear, the alien must receive the Notice to Appear before he or she can "provide" an address in accordance with section 239(a)(1)(F) of the Act. In cases where the Service uses the mail to deliver the Notice to Appear to the alien, the "last address" or the "most recent address" provided by the alien "in accordance with subsection (a)(1)(F)" will necessarily be an address arising from the alien's receipt of the advisals contained in the Notice to Appear.

Once the advisals in the Notice to Appear are conveyed, serious consequences attach to an in absentia order of removal, and the avenues for relief are extremely limited. See section 240(b)(7) of the Act. Once proceedings have commenced, the alien must attend all scheduled hearings before the Immigration Judge, unless excused by the Immigration Judge. See 8 C.F.R. § 3.25(a) (2001). If the alien fails to appear for a scheduled hearing, the Immigration Judge may

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

000000066

 

23 I. & N. Dec. 181
Interim Decision (BIA) 3458, 2001 WL 1515819 (BIA)
(Publication page references are not available for this document.)

proceed with the hearing in the alien's absence and order the alien removed in absentia. Accordingly, the statutory notice requirements are precise and require assiduous attention. See United States v. Perez- Valdera, 899 F. Supp. 181, 185 (S.D.N.Y. 1995) (noting that Congress strengthened the notice requirements in recognition of the severity of the consequences of an in absentia order). In fact, special allowances are made when an alien has a meritorious challenge to the adequacy of notice. See sec tion 240(b)(5)(C) of the Act (exempting motions to reopen from the 180-day time limit when contesting an in absentia removal order on notice grounds). [FN4]

### C. Section 239(a)(1)(F) in This Instance

In this instance, the Notice to Appear never reached the respondent, and the advisals were never conveyed. The Service argues that the failure of the Notice to Appear to reach the respondent does not mean the respondent lacked proper notice of proceedings. Rather, the Service maintains that the mailing of the Notice to Appear to the last address provided by the alien satisfies the statutory notice requirements. Moreover, it argues that the alien should be held accountable for the mail not reaching her because she was aware of her ad dress obligations vis-[/]ı [/]-vis the Service and, by implication, invited defective notice of proceedings when she failed to keep her address information current.

However, a section 239(a)(1)(F) address is an address where an alien can be "contacted respecting proceedings under section 240." Section 239(a)(1)(F)(i) of the Act. The Notice to Appear concerns the alien's particular address obligations regarding removal proceedings. Unless the respondent is chargeable with having received the Notice to Appear and any notice of hearing contained therein, she has not been placed on notice of proceedings or on notice of the date, time, and location of the removal hearing.

As we read the statute, its intent is to accomplish actual notice. In those instances where actual notice is not accomplished, the statute will permit constructive notice when the alien is aware of the particular address obligations of removal proceedings and then fails to provide an address for receiving notices of hearing. Under the Service's reading of the statute, however, no attempt at actual notice is ever necessary. The alien's address need not be current or even extant; it may even predate the legislative developments that created today's in absentia consequences. In other words, according to the Service, the notice requirements of the Act are satisfied whenever the Service uses the alien's last known address-no matter how old, incomplete, or obviously inadequate that address may be.

We do not agree. Simply mailing the Notice to Appear to an address authorized under section 239(a)(1) does not automatically convert the alien's last known address into a section 239(a)(1)(F) address. While the statute may permit the regular mailing of the Notice to Appear to the last known address, the "(a)(1)" address so to speak—the statute does not authorize the entry of an in absentia order unless the advisals in the Notice to Appear are properly conveyed, at which time the address will have become an "(a)(1)(F)" address. In short, the notice requirement leading to an in absentia order cannot be satisfied by mailing the

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

000000067

23 I. & N. Dec. 181
Interim Decision (BIA) 3458, 2001 WL 1515819 (BIA)
(Publication page references are not available for this document.)

Page 8

 

Notice to Appear to the last known address of the alien when the alien does not receive the mailing. Again, the "last address" or the "most recent address" provided by the alien "in accordance with" or "under" subsection (a)(1)(F) must be an address consequent to the alien's being put on notice of the particular address obligations contained in the Notice to Appear.

This does not mean, of course, that the alien must personally receive, read, and understand the Notice to Appear for the notice requirements to be satisfied. An alien can, in certain circumstances, be properly charged with receiving notice, even though he or she did not personally see the mailed document. If, for example, the Notice to Appear reaches the correct address but does not reach the alien through some failure in the internal workings of the household, the alien can be charged with receiving proper notice, and proper service will have been effected. See Matter of Grijalva, supra; Matter of Huete, supra. However, if we know that the Notice to Appear did not reach the alien and that the alien cannot be properly charged with receiving it, then the mailing address does not qualify as a "section 239(a)(1)(F)" address. In turn, if the mailing address does not qualify as a section 239(a)(1)(F) address, then an in absentia or der predicated on mailed notice to that address may not ensue.

In summary, the Service may either serve the Notice to Appear and its notice of hearing by personal service or by mail. When the Service elects to serve by mail, the statute permits the Notice to Appear to be mailed to the last address the Service has on file for the alien. If the alien actually receives or can be charged with receiving that mailed notice, then the address used by the Service qualifies as a section 239(a)(1)(F) address, and in absentia proceedings are thereafter authorized. If, however, we know that the alien did not receive the Notice to Appear and the notice of hearing it contains, then the alien cannot be on notice of either removal proceedings or the address obligations particular to removal proceedings. In that instance, the address used by the Service cannot qualify as a section 239(a)(1)(F) address, and the entry of an in absentia order is precluded. Thus, we fin d that when the pertinent provisions are read together, the statute requires that the alien receive (or be charged with receiving) the Notice to Appear containing the notice of hearing before an in absentia order of removal may be entered.

## V. REGISTRATION

The Service correctly points out that the respondent has an obligation to provide the Service with a current address pursuant to the registration requirements of the Act. Virtually every alien in the United States is under an affirmative obligation to report address changes to the Attorney General, regardless of immigration status or circumstances. Section 265(a) of the Act. All aliens who remain in the United States for more than 30 days have a duty to register with th e Attorney General, unless they have been expressly exempted from the requirement. Section 262 of the Act, 8 U.S.C. § 1302 (1994). If registered, the alien has a duty to keep the Attorney General apprised of any address changes. Section 265(a) of the Act. The only aliens who are usually exempt from registration are nonimmigrant representatives of foreign countries and the staff of international organizations. See section 221(b) of the Act, 8 U.S.C. § 1201(b)

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

000000068

 

23 I. & N. Dec. 181
Interim Decision (BIA) 3458, 2001 WL 1515819 (BIA)
(Publication page references are not available for this document.)

Page 9

(1994).

The statutory consequences of failing to report an address change as required by section 265(a) include a possible misdemeanor conviction, with a potential fine of up to $200 and not more than 30 days' imprisonment, and placement into removal proceedings pursuant to chapter 4 of Title 8 of the United States Code. See section 266(b) of the Act. These penalties are not imposed, however, if the alien can demonstrate that the failure to keep his or her address current "was reasonably excusable or was not willful. " Id.; see also section 237(a)(3)(A) of the Act, 8 U.S.C. § 12 27(a)(3)(A) (Supp. V 1999).

Although the failure to comply with section 265 and its surrounding provisions may incur various penalties, the entry of an in absentia order of removal is not one of them. In absentia orders arise from, and are governed by, section 240(b)(5) of the Act. It is that provision, not any of the registration provisions, that contains the requirements and the lega l authority for the entry of an in absentia order of removal. We therefore find that the registration provisions do not authorize the issuance of an in absentia order of removal as a consequence of their violation.

### VI. REGULATORY ADDRESS OBLIGATIONS

Finally, we observe that the regulations are consistent with our reading of the statute.

The regulations at 8 C.F.R. § 3.15 (2001) require that the Notice to Appear provide as follows:
A statement that the alien must advise the Immigration Court having administrative control over the Record of Proceeding of his or her current address and telephone number and a statement that failure to provide such information may result in an in absentia hearing in accordance with § 3.26.
8 C.F.R. § 3.15(b)(7). That regulation also specifies the alien's address obligations to the Immigration Court as follows:
If the alien's address is not provided on the Order to Show Cause or Notice to Appear, or if the address on the Order to Show Cause or Notice to Appear is incorrect, the alien must provide to the Immigration Court where the charging document has been filed, a written notice of an address and telephone number at which the alien can be contacted.
8 C.F.R. § 3.15(d)(1). In turn, 8 C.F.R. § 3.26 (2001), which pertains to in absentia proceedings, specifically provides that an Immigration Judge may enter an in absentia order in removal proceedings when the following conditions are satisfied:

The Service establishes by clear, unequivocal, and convincing evidence that written notice of the time and place of proceedings and written notice of the consequences of failure to appear were provided to the alien or the alien's counsel of record.
8 C.F.R. § 3.26(c)(2). The regulations further provide as follows:
Written notice to the alien shall be considered sufficient for purposes of this

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

000000069




23 I. & N. Dec. 181
Interim Decision (BIA) 3458, 2001 WL 1515819 (BIA)
(Publication page references are not available for this document.)

Page 10

section if it was provided at the most recent address provided by the alien. If the respondent fails to provide his or her address as required under § 3.15(d), no written notice shall be required for an Immigration Judge to proceed with an in absentia hearing.

We understand the regulations to derive from and to track the language of the statute. See Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10,312, 10,322 (1997) (noting that the regulations pertaining to section 240 of the Act "follow exactly the requirements of the Act"). We find the regulations to be consistent with the statute and our reading of it. Thus, the regulations, like the Act, do not authorize the entry of an in absentia removal order unless the alien is properly charged with having received notice at an address that qualifies as a section 239(a)(1)(F) address.

## VI I. CONCLUSION

In this case, the Notice to Appear was mailed to an address that was provided before the respondent was placed in removal proceedings, before she was apprised of the particular address obligations pertaining to removal proceedings, and before she was advised of the charges against her or the in absentia consequences of failing to keep her address information current for removal hearing purposes. The record clearly reflects that the Notice to Appear never reached the respondent. We therefore know that she did not receive the advisals contained therein.

Based on the pertinent statutory provisions, we find that an Immigration Judge may not order an alien removed in absentia when the Service mails the Notice to Appear to the last address it has on file for an alien, but the record reflects that the alien did not receive the Notice to Appear, and the notice of hearing it contains, and therefore has never been notified of the initiation of removal proceedings or th e alien's address obligations under section 239(a)(1) of the Act. Because, in this instance, the Service did not establish that the respondent received or can be charged with receiving that notice, the Immigration Judge could not have proceeded in absentia. It was therefore proper for the Immigration Judge to terminate proceedings.

ORDER: The appeal of the Immigration and Naturalization Service is dismissed.

DISSENTING OPINION: Philemina McNeill Jones, Board Member, in which Patricia A. Cole, Board Member, joined

I respectfully dissent.

I find problems in both the majority's interpretation and its implementation of the notice provisions in the Immigration and Nationality Act. For the reasons set forth below, I would sustain the Immigration and Naturalization Service's appeal and remand proceedings to the Immigration Judge for the entry of an in absentia order of removal.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

000000070




According to the majority, sections 239(a)(1)(F) and 240(b)(5) of the Act, 8 U.S.C. §§ 1229(a)(1)(F) and 1229a(b)(5) (Supp. V 1999), permit the Service to mail the Notice to Appear (Form I-862) to the alien's last known address. However, that address may be inadequate for the Immigration Judge to proceed with rem oval proceedings in absentia. I disagree with this reading of the statute.

It is well established that we must "'give effect, if possible, to every clause and word of a statute."' United States v. Menasche, 348 U.S. 528, 538-39 (1955) (quoting Inhabitants of Montclair Township v. Ramsdell, 107 U.S. 147, 152 (1883)); see also Walters v. Metro. Educ. Enters., Inc., 519 U.S. 202, 209 (1997) (stating that a statute "must be interpreted, if possible, to give each word some operative effect"); Market Co. v. Hoffman, 101 U.S. 112, 115-16 (1879) (opining that, to the degree possible, no clause, sentence, or word in a statute should be construed as superfluous, void, or insignificant). In this in stance, the Act provides the following:

In removal proceedings under section 240, written notice (in this section referred to as a "notice to appear") shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any) . . . .

Section 239(a)(1) of the Act (emphasis added). Because personal service is not practicable in most cases, the Service is authorized by statute to send the Notice to Appear by regular mail.

If we accept the majority's reading of section 239(a)(1), the use of regular mail is so impractical that it is, in effect, read out of the Act. According to the majority, the Immigration Judge may proceed in absentia only where the record reflects that the alien has actually received the Notice to Appear or can be "charged with" receiving it. However, regular mail can establish neither actual nor constructive notice because, unlike certified mail or other means of mail delivery, it does not generate a signed receipt or other evidence of receipt. Cf. Matter of Grijalva, 21 I&N Dec. 27 (BIA 1995). Thus, in the vast majority of cases, the only way in which an Immigration Judge will ever know th at the alien received a notice of hearing is if the alien actually appears for the hearing.

Under the majority's reading of the statute, the Service would be ill-advised to rely on the regular mail to initiate proceedings. If the Service use s regular mail, it conveys virtual control over the initiation of proceedings to the alien. To avoid a removal hearing, the alien need only ignore the Notice to Appear when it comes in the mail and, should it ever become necessary, simply deny that it was ever received at his or her address. Alternatively, the alien can s imply change his or her residence and/or not report an address change to the Service, knowing that he or she is untraceable for purposes of receiving the Notice to Appear. As the majority has pointed out, few consequences attach for failing to report address changes to the Service and an alien who wishes to delay or even elude proceedings can easily do so. I find it completely incongruous to conclude that Congress intended bot h to permit and to eviscerate the use of regular mail to initiate removal proceedings.

Moreover, if regular mail is ineffectual, the statutory notice provisions become unwieldy. The majority strains to interpret other provisions that presume regular mail will suffice. In particular, section 239(a)(1)(F) of the Act has a requirement "that the alien must immediately provide (or have provided) the

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

000000071




23 I. & N. Dec. 181
Interim Decision (BIA) 3458, 2001 WL 1515819 (BIA)
(Publication page references are not available for this document.)

Attorney General with a written record of an address and telephone number (if any) at which the alien may be contacted respecting proceedings under section 240."

The majority's reading of this language creates a paradox: how can an alien "have provided" an address to the Immigration Court before he or she has been told to provide one? The only way the alien can provide an address to the Immigration Court prior to proceedings is by providing an address to the Service, with the Service in turn providing it to the Immigration Court via the Notice to Appear. The majority's post facto validation of the address on the Notice to Appear is a forced and impractical reading of the statute, especially when the language of section 239(c) of the Act specifies that attempted delivery by regular mail to the alien's last known address is sufficient notice.

I find that the statute permits-even intends-that removal proceedings be initiated through the mailing of a Notice to Appear by regular mail. Once the Service mails the Notice to Appear to the "most recent address" provided by the alien, under section 239(a)(1)(F) of the Act, an Immigration Judge can order an alien removed in absentia. Section 240(b)(5) of the Act; cf. 8 C.F.R. §§ 3.26(c)(2), (d) (2001). If the last address provided by the alien is inadequate, it is incumbent on the alien to provide a better one or forfeit the right to notice. Section 240(b)(5)(B) of the Act.

If the Service cannot rely on the last address provided by the alien, then the in absentia provisions of the Act are applicable only to those cases in which the alien shows up for the hearing or otherwise concedes receipt of the Notice to Appear. Narrowly applying the in absentia provisions to this class of cases undermines the very efficacy of those provisions. In fact, the majority here places the Service in the untenable position of relying on an address that, almost by definition, is not reliable. In the end, the Service will have no choice but to resort to certified mail, a requirement that Congress purposefully removed from the statute. See the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, § 304, 110 Stat. 3009-546, 3009-587.

Ultimately, the majority's decision undermines the enforceability of the Act's in absentia provisions. I find the majority's holding to be at odds with the plain language of the statute and incompatible with any effort to create an effective immigration court system.

Accordingly, I would sustain the Service's appeal.

FN1. Board Members Frederick D. Hess and Roger Pauley did not participate in the decision in this case.

FN2. On appeal, the Service states that the respondent became a class member under American Baptist Churches v. Thornburgh, 760 F. Supp. 796 (N.D. Cal. 1991), and registered for benefits pursuant to the settlement agreement in that case. We note, too, that the respondent is the beneficiary of a visa petition that was filed by her husband and approved by the Service on December 26, 1990.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

000000072

 
23 I. & N. Dec. 181
Interim Decision (BIA) 3458, 2001 WL 1515819 (BIA)
(Publication page references are not available for this document.)

Page 13

FN3. We look to the precise language of the statute to construe its meaning. See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.% i, 467 U.S. 837, 843 (1984). We do not deem it necessary to resort to legislative history, but note nonetheless that the legislative history behind sections 239 and 240 of the Act does not provide meaningful guidance here because the explanatory material simply paraphrases the language that appears in the statute today. See H.R. Conf. Rep. No. 104-828 (1996), available in 1996 WL 563320; H.R. Rep. No. 104-469(I) (1996), available in 1996 WL 168955.


FN4. The dissent identifies potential abuses that could arise under the statute. But the dissent never explains how an address can be an address provided "under" or "in accordance with" section 239(a)(1)(F) of the Act when that address was only given to the Service years in advance of removal proceedings; nor does the dissent attempt to reconcile all of the relevant statutory provisions at issue here.

23 I. & N. Dec. 181, Interim Decision (BIA) 3458, 2001 WL 1515819 (BIA)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

000000073



# DiRaimondo & Masi, LLP
### ATTORNEYS AT LAW

401 Broadhollow Road, #302
Melville, New York 11747
(631) 777-5557
(631) 777-5114 fax

120 Broadway, 18th Floor
New York, New York 10271
(212) 587-0550
Fax (212) 587-0545

**FEDERAL EXPRESS**

March 5, 2004

Honorable Steven Abrams
Immigration Judge
Executive Office for Immigration Review
Wackenhut Detention Facility
182-22 150th Avenue
Jamaica, New York 11413

Re: Michael KAMBUROWSKI - A76 595 582

Dear Judge Abrams:

I represent Mr. Kamburowski who is scheduled for a Master Calendar hearing on March 12, 2004. I can not attend this hearing due to the fact that I already have three (3) Master Calendar hearings scheduled for that morning and one detained individual hearing from Philadelphia, Pa at 8:30 am. The names of the cases are: Mari Yahdjian, A72-020-252; Fermin Martinez, A39-088-775; Andrzej Trzeciak, A73-175-139; and the detained case which is telephonic from Philadelphia at 8:30 am is Viacheslav Strelchikov, A70-325-281. Normally I would have Mrs. Delli-Pizzi, Esq.; assist me with this calendar, but she is 9 months pregnant and actually is due to deliver on March 16, 2004. While March 12th is her last day, I am not even sure she will be in on that day, nor would I take the chance of sending her to Jamaica so close to her delivery date. As such, I would appreciate it if you would adjourn this matter to one of the following dates; March 26 (am only); 29 (am only); 31; April 6; 7; 9 ; and 12, 2004. I have also been discussing with Mr. Paoli, Esq., if the Government would consent to a remand in this matter.

Thank you for your time and consideration.

Very truly yours,

Michael P. DiRaimondo

cc: James Paoli, Esq.

### CERTIFICATE OF SERVICE

I hereby certify that foregoing letter was served on James Paoli, Esq., Assistant Chief Counsel, DHS, 182-22 150th Avenue, Jamaica, NY 11413, by First Class Mail, on this 5th day of March, 2004.

Michael P. DiRaimondo

000000074

## NOTICE OF HEARING IN REMOVAL PROCEEDINGS
## IMMIGRATION COURT

RE: KAMBUROWSKI, MICHAEL RAPHAEL
FILE: A76-595-582

DATE: Mar 9, 2004

TO: MICHAEL P. DIRAIMONDO
401 BROADHOLLOW RD. #302
MELVILLE, NY 11747

Please take notice that the above captioned case has been scheduled for a MASTER hearing before the Immigration Court on Mar 26, 2004 at 8:30 A.M. at:

182-22 150TH AVENUE
JAMAICA, NY 11413

You may be represented in these proceedings, at no expense to the Government, by an attorney or other individual who is authorized and qualified to represent persons before an Immigration Court. Your hearing date has not been scheduled earlier than 10 days from the date of service of the Notice to Appear in order to permit you the opportunity to obtain an attorney or representative. If you wish to be represented, your attorney or representative must appear with you at the hearing prepared to proceed. You can request an earlier hearing in writing.

Failure to appear at your hearing except for exceptional circumstances may result in one or more of the following actions: (1) You may be taken into custody by the Immigration and Naturalization Service and held for further action. OR (2) Your hearing may be held in your absence under section 240(b)(5) of the Immigration and Nationality Act. An order of removal will be entered against you if the Immigration and Naturalization Service established by clear, unequivocal and convincing evidence that a) you or your attorney has been provided this notice and b) you are removable.

IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT CORRECT, WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION COURT THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR TELEPHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS. EVERYTIME YOU CHANGE YOUR ADDRESS AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE COURT OF YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE ON THE ATTACHED FORM EOIR-33. ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM THE COURT WHERE YOU ARE SCHEDULED TO APPEAR. IN THE EVENT YOU ARE UNABLE TO OBTAIN A FORM EOIR-33, YOU MAY PROVIDE THE COURT IN WRITING WITH YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST CLEARLY MARK THE ENVELOPE "CHANGE OF ADDRESS." CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED, AND WILL BE CONSIDERED SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.

A list of free legal service providers has been given to you. For information regarding the status of your case, call toll free 1-800-898-7180 or 703-305-1662. *YOU MUST BRING PHOTO IDENTIFICATION TO ENTER THE BUILDING.*

### CERTIFICATE OF SERVICE

THIS DOCUMENT WAS SERVED BY: MAIL (M) PERSONAL SERVICE (P)
TO: [ ] ALIEN [ ] ALIEN c/o Custodial Officer [ ] ALIEN's ATT/REP [ ] INS

DATE: 3/9/04 BY: COURT STAFF Myons

Attachments: [ ] EOIR-33 [ ] EOIR-28 [✗] Legal Services List [ ] Other

MMP

000000075